Lawrence Ingram DRIVER, Jr., Appellant,

v.

UNITED STATES of America, Appellee.

No. 7188.

United States Court of Appeals Fourth Circuit.

Argued April 9, 1956.

Decided April 23, 1956.

Herndon P. Jeffreys, Jr., Richmond, Va., for appellant.

Edwin J. Slipek, Asst. U. S. Atty., Richmond, Va. (L. S. Parsons, Jr., U. S. Atty., Norfolk, Va., and James R. Moore, Asst. U. S. Atty., Richmond, Va., on the brief), for appellee.

Before PARKER, Chief Judge, SOPER, Circuit Judge, and PAUL, District Judge.

PAUL, District Judge.

The record in this case discloses the following facts: On April 26, 1954, a criminal information was filed against the appellant in the Eastern District of South Carolina charging him with violation of Section 659, Title 18 United States Code Annotated, the particular offense being the theft of a box of candy from an interstate shipment. On the same date he entered a plea of guilty to the charge and the Court entered an order which, after reciting his conviction upon his plea, proceeded in the following language.

> "It is Adjudged that the defendant is hereby committed to the custody of the Attorney General or his authorized representative for imprisonment for a period of one (1) year.
>
> "It is Adjudged that the above sentence be suspended and that the defendant be placed on probation *until he secures satisfactory employment.*" (Emphasis supplied.)

The appellant who, apparently, was a resident of Richmond, Virginia, returned to that city on April 27, 1954, the day after the entry of the above noted order, and at once reported to the probation officer in that city. Presumably this was with the permission and at the direction of the South Carolina court. At a later

date a formal order was entered transferring jurisdiction over the probationer to the Eastern District of Virginia.

After the appellant had returned to Richmond the court for the Eastern District of South Carolina, on April 28, 1954, entered an order in the following words:

"On the 26th day of April, 1954, Lawrence Ingram Driver, Jr. entered a plea of guilty to violation of Title 18, Section 659, U.S.Code. He was sentenced to the custody of the Attorney General for a period of one (1) year, sentence suspended and placed on probation until he secures a satisfactory job.

"It now appearing to the Court that it is advisable to change the above sentence, it is hereby

"Ordered that the following sentence be imposed:

"That imposition of sentence be suspended and he be placed on probation for a period of five (5) years."

The record does not disclose just when a copy of the order of April 28th was sent to the Eastern District of Virginia. Nor does it reveal whether the appellant ever received a copy of this second order; the indications are that he did not, but that its provisions were discussed with him by the probation officer.

Shortly after returning to Virginia on April 27, 1954, the appellant obtained employment with the Richmond Dairy Company as a route salesman. However after several weeks at this job his employer learned of his criminal conviction and, since the position required that he be bonded and the bonding company, in view of his record, declined to bond him, his employer had to let him go. Following this and after talking things over with the probation officer he secured another job with an employer to whom he disclosed, or who may already have known of, his conviction in South Carolina. This job, which was with the Richmond Abattoir, lasted about a month, when he was laid off. There is nothing to indicate that the termination of this employment was due to any fault of the appellant. Subsequently he obtained work with a roofing contractor and still later with a manufacturer. Just how long he held each of these last two jobs is not made clear, although it does appear that he was working in the latter position as late as March, 1955. Neither is it clear as to the reasons why the employment in each instance was terminated, although there is a suggestion that it was because his work was not satisfactory.

In October, 1955, the appellant was convicted in the State Court on a charge of larceny and sentenced to three months in jail. As a result of this he was charged with a violation of his probation and on the expiration of the state sentence he was brought before the Judge of the United States District Court at Richmond on January 26, 1956, for a hearing on the question of revoking his probation. At this hearing the appellant was represented by court-appointed counsel, who continues to represent him on this appeal.

The argument which counsel offered in opposition to a revocation of probation is not included in the record of the hearing, but it would appear that the ground upon which he primarily relied was that the acts charged as violations of probation had occurred after the expiration of the period of probation; the contention being that the order entered April 28th, 1954, by the court in South Carolina was void, and that under its order of April 26th the period of probation was limited to not more than one year, the length of the suspended sentence.

As a result of the hearing the District Judge, after pointing out that the order of April 28th, 1954, which undertook to place the appellant on probation for five years, had the effect of modifying the sentence previously imposed and that it had been entered in the absence of the appellant, held it void for that reason.

The District Judge then proceeded to consider the effect of the original sen-

tence embodied in the order of April 26th. It was his opinion that the order of April 26th fixed no limitation upon the period of probation, and that in such case the period was fixed by the terms of the statute, 18 U.S.C.A. § 3651, as being five years, that being the maximum permitted. In other words, his view was that where the judgment is silent as to the period of probation the effect of the statute is to fix the period at five years. There are implications in support of this view in some of the cases. See concurring opinion of Judge Phillips in Williams v. Hunter, 9 Cir., 165 F.2d 924, 926. Since the acts charged as violations of probation had occurred within five years from the original sentence, the probation was revoked and the appellant was committed to serve the one-year sentence previously suspended. It is from this action of the District Court that this appeal arises.

We find ourselves in agreement with the judge of the District Court in his holding that the order of April 28, 1954, was invalid for the reasons stated by him. However we cannot accept his view that the original judgment was silent as to the period of probation and that a period of five years must be implied. On the contrary we think that the order of April 26th, in using the language, "until he secures satisfactory employment," designated the period during which the defendant was to be on probation.

It is suggested by counsel for the government that the reference to employment in the order is intended as one of the conditions of probation and not as a limitation upon the length of its continuance. We are unable to accept this interpretation. It is the common and proper practice for the judgment order to fix the period of probation, but it is not now the practice for this order to set out the conditions of probation, i. e. the code of behavior which the probationer is compelled to observe. These conditions of probation are so far standardized that they are embodied in printed forms furnished by the Administrative Office of the United States Courts to all probation officers, who deliver a copy of them to each probationer under supervision, together with instructions as to their observance. The record shows that appellant was furnished with one of the printed copies setting forth these standard conditions. One of these numerous conditions relates to employment, in that it informs the probationer that he must "work regularly" and when out of work must notify his probation officer. There was no necessity or reason for repeating this or any of these standard conditions in the judgment and it seems logical to assume that the reference to employment in the order of April 26th was for the purpose of fixing the period of probation—a provision which is customarily set out in such an order. There is significance in the language used. The probation is not granted on *condition* of securing employment. It is granted *until* such time as he secures satisfactory employment. "Until" is a word defined by the Standard Dictionary as meaning "To the time when." Webster's International Dictionary gives the meaning of "until" as "Up to; till—used in reference to time; as to remain *until* the end of the month."

It is our conclusion that the Court in South Carolina intended the language used in its order of April 26th to limit the period during which the defendant was to be on probation until such time as the defendant secured satisfactory employment and intended the probation to terminate when the defendant should have secured such employment.

It should be said, in passing, that we reject the contention of the appellant that the period of probation cannot in any event exceed the maximum period of imprisonment to which a defendant might have been sentenced—which in this case was one year. The terms of the statute, 18 U.S.C.A. § 3651, sustains no such interpretation and the decided cases are definitely to the con-

trary. See Hollandsworth v. U. S., 4 Cir., 34 F.2d 423, 426–427.

■ Within a short time after reporting to the probation officer in Richmond the appellant secured employment, as previously related. The work was honorable and so far as appears his performance of it was satisfactory. It is true that he was unable to retain the job because of his previous conviction, but this fault was the occasion for his being on probation and not a violation of it. Following this he obtained other work of an entirely reputable nature and again there is nothing to indicate that the termination of this employment was due to any fault on his part. The term "satisfactory employment" is, of course, not too definite. But it could hardly have been intended to mean more than work of a law-abiding nature, fitted to the abilities of the probationer, and which met the approval of those supervising his conduct. The probation officer charged with the supervision of the appellant testified that he considered it his duty to determine whether the appellant was satisfactorily employed and that he considered that the appellant had obtained satisfactory employment both with the Richmond Dairy and later with the Richmond Abattoir. We have no reason to feel otherwise.

Summarized our conclusions are: that the period of probation was limited to the time when the appellant should secure satisfactory employment; that he did secure such employment and that when he did so his probation was terminated; that there is no evidence of any violation of the conditions of his probation during the period that he was on probation; that his period of probation had expired before his commission of the State offense. It follows, therefore, that the order of the District Court of January 31, 1956, which committed the appellant to serve the suspended sentence of one year's imprisonment, on the ground that he had violated his probation, must be reversed and the appellant released from custody.