**Richard F. HYLAND et al., Plaintiffs,**

v.

**R. K. PROCUNIER et al., Defendants.**

No. C–70 205.

United States District Court,
N. D. California.

March 30, 1970.

American Civil Liberties Union, Paul N. Halvonik and Charles C. Marson, San Francisco, Cal., for plaintiffs.

Thomas C. Lynch, Atty. Gen, of State of California, San Francisco, Cal., Derald E. Granberg and John P. Oakes, Deputy Attys. Gen., for defendants.

WOLLENBERG, District Judge.

### ORDER GRANTING INJUNCTIVE RELIEF

This is a civil rights complaint for injunctive relief. Plaintiff is a California State parolee who is required, as a condition of his parole, to obtain permission from his parole officer before giving any public speech. This condition was invoked to deny plaintiff permission to speak on at least two occasions in January, 1970. The first denial was of a request to address a rally on the Santa Cruz campus of the University of California on January 22, 1970. Plaintiff's parole officer, Mr. Fred Steinberg, withdrew an earlier authorization, evidently

upon the request of officials of the State Correctional Facility at Soledad, California. Plaintiff had intended to address the student rally on conditions at Soledad, and fears of student sponsored demonstrations outside the prison itself evidently motivated Steinberg's decision to revoke permission. Another request to address a group at Santa Cruz was denied on January 27, with the written explanation that "future requests to speak at the University of California, Santa Cruz, will be denied so long as the situation at Correctional Training Facility remains unstable."

On plaintiff's motion, this Court ordered defendants to show cause why they should not be permanently enjoined from imposing the above described limitations on plaintiff's right to address lawful public gatherings. Hearing was had on February 27, 1970, and the matter was taken under submission.

That the condition here imposed on plaintiff's parole is a prior restraint of his first amendment rights seems clear. The Court must therefore scrutinize with great care any explanation offered by the State to justify its action. Bantam Books v. Sullivan, 372 U.S. 58, 83 S.Ct. 631, 9 L.Ed.2d 584 (1963). Of further weight is the fact that the restraint was invoked in view of the anticipated content of plaintiff's speech. On January 22, Steinberg wrote that permission to speak at Santa Cruz had been revoked because "your speaking * * * might have caused some * * * to participate in later action which might have been detrimental to the best interests of Correctional Training Facility". This prior restraint on what was to have been a speech concerning a matter of public interest can only be justified by a showing that the speech entailed a clear and present danger of riot and disorder. The State has not made this showing, either in an adversary proceeding *prior* to the restraint, or by means of the memoranda filed in the instant action. See Carroll v. Commissioners of Princess Anne, 393 U.S. 175, 89 S.Ct. 347, 21 L. Ed.2d 325 (1968).

But it is not only the apparent abridgement of first amendment rights which concerns the Court. California as well as federal law has imposed the due process rule of reasonableness upon the State's discretion in granting or withholding "privileges" from prisoners, parolees, and probationers. See, for example, Calif.Penal Code, 1203.1; In re Allen, 78 Cal.Rptr. 207, 455 P.2d 143 (1963); Jackson v. Godwin, 400 F.2d 529 (3 Cir., 1968); and Van Alstyne, The Demise of the Right-Privilege Distinction in Constitutional Law, 81 Harv. L.Rev. 1439 (1968). The defendants herein have made no showing that the condition imposed on plaintiff's parole is in any way related to the valid ends of California's rehabilitation system.

Defendants confine their argument for the most part to allegations that the plaintiff on many occasions has been allowed to speak and otherwise publish his views without restraint. This, of course, is beside the point. Not only have there been at least two occasions when an attempt was made to bar plaintiff from speaking, but the State also gives no indication that it will not continue to require advance permission for all speaking engagements. If the past is any guide, such permission-seeking procedures will inevitably involve a scrutiny by the parole officers concerned of the proposed content of petitioner's proposed speeches. The Court, making use of a sadly overworked phrase, finds that this would have an unwarranted chilling effect on the exercise by plaintiff of his undisputed rights. Dombrowski v. Pfister, 380 U.S. 479, 490, 85 S.Ct. 1116, 14 L.Ed.2d 22 (1969).

Accordingly the Court hereby orders that defendants and their officers, successors, agents, servants, employees, representatives, alternates, and anyone connected with them, be permanently enjoined from:

1) conditioning plaintiff Hyland's parole on his seeking advance permission to address public gatherings;

2) prohibiting any California State parolee from addressing lawful public assemblies held at the University of California, Santa Cruz, when such prohibition is because of the expected content of the speech.