The People of the State of Illinois, Plaintiff-Appellee, *v.* Thomas Brown, Defendant-Appellant.

(No. 70-107;

Fifth District—June 14, 1971.

Richard E. White, of Murphysboro, for appellant.

Don P. Koeneman, State's Attorney, of Chester, for the People.

Mr. JUSTICE CREBS delivered the opinion of the court:

In a bench trial before the Circuit Court of Randolph County, defendant, Thomas Brown, was convicted of aggravated battery and placed on probation for a period of five years

On this appeal defendant contends, (1) that he acted in self-defense and the State failed to disprove this issue beyond a reasonable doubt, and (2) that the provision in the probation order which divested him of his tavern was an abuse of the court's discretion.

The complaining witness, Dale Little, was married to Maria Little who was employed at the tavern defendant operated in Tilden, Illinois.

The Littles were experiencing some domestic difficulties but they were not separated. About 1:15 A.M. on February 14, 1969, Little went to the tavern to talk to his wife. He testified that the tavern was closed and, after receiving no answer to his loud pounding on both the front and back doors, he found his wife's car in the parking lot, got into the back seat and fell asleep. The next thing he heard was defendant saying, "That's the son of a bitch that's been beating on my door." He stated that defendant then hit him and that is the last thing he remembers until he came to. He then went to a nearby house and called the police. He testified further that both of his eyes had swollen shut, that his lip was puffed up, his nose had bled, his head was sore and he had bruises on his chest. A deputy sheriff testified that Little appeared to have been badly beaten.

Also testifying for the State were William and Betty Blitz who were friends of the defendant. Their testimony was substantially the same. They were in the one-room living quarters of the tavern with defendant and Marie Little when they heard the loud banging on the doors but no one went to look. Later, about 3:00 A.M., after having eaten, defendant borrowed Mrs. Little's car keys to take them home. Mrs. Little stayed to clean up the dishes. When defendant opened the front door of the car Little raised up from the back seat and pulled defendant over the front and into the back while hitting him. Mr. Blitz opened the back door of the car and Little and the defendant fell halfway out still fighting. Defendant was hitting Little about the face, and, with Little on the ground, he was kicking him about the head and shoulders. They were afraid defendant was going to kill him. Mrs. Blitz asked her husband to stop them. Both Mr. and Mrs. Blitz heard defendant say he would kill Little, that he needed killing. Finally, when Little got free, he left. In reply to a question on cross-examination as to whether the defendant looked as if he had been in a fight, Mr. Blitz stated he had a cut on his nose.

Defendant did not testify nor was any other evidence offered on his behalf.

■■■ As defendant contends, it is true that where self-defense is pleaded it is sufficient to acquit, if defendant's evidence on self-defense, together with all other evidence in the case creates a reasonable doubt of guilty. (*People v. Williams*, 56 Ill.App.2d 159.) It is likewise true that self-defense is an affirmative defense and where that issue is raised the State has the burden of proving defendant guilty beyond a reasonable doubt as to that issue, together with all the other elements of the offense. (Ill. Rev. Stat. ch. 38, sec. 3—3 (b).) But as provided in paragraph (a)

of said section it is also a prerequisite that the issue be raised, and if it is not raised by the State's evidence then the defendant must present some evidence thereon. *People v. Garcia,* 90 Ill.App.2d 396.

■■■ In the case before us the claim of self-defense is wholly unsupported by the evidence. While the evidence is conflicting as to how the fight started there is no doubt, from the testimony of defendant's two friends, that defendant was in control of the situation and administered a vicious beating on the complaining witness, threatening even to kill him as he kicked him in the head and shoulders. Not even an inference can be drawn on such facts that defendant could reasonably have thought his actions were in self-defense. In any event, it was for the trial court to weigh the testimony and determine the credibility of the witnesses and, in the absence of strong evidence to the contrary, it is not this court's function to substitute its judgment for that of the trial court. (*People v. Johnson,* 108 Ill.App.2d 150.) It is our conclusion that the evidence was clearly sufficient to disprove beyond a reasonable doubt defendant's claim of self-defense.

■■ Next, defendant contends that Paragraphs 4 and 5 of the trial court's Probation Order, which prohibit his owning, operating or working in a tavern, constitute an abuse of the court's discretion as applied to him. While a provision prohibiting the probationer from using alcoholic beverages or frequenting any bar or tavern where alcoholic beverages are served is a common provision of probation orders, we find it improper in this case. The evidence shows that defendant has largely made his living serving as a bartender and tavern operator. Since there was no direct connection between his employment and the crime charged it is unreasonable to bar him from this method of earning his living.

■■ The period of five years probation being out of line with the offense involved, we reduce the term of probation to two years and also remove Paragraphs 4 and 5 from the Probation Order.

As modified here, judgment of the Circuit Court of Randolph County is affirmed.

Judgment affirmed as modified.

EBERSPACHER and G. MORAN, JJ., concur.