THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* DOUGLAS B. DUNN, Defendant-Appellant.

Fourth District   No. 13674

Opinion filed October 28, 1976.—Rehearing denied November 29, 1976.

Stephan A. Elman, of Peoria, for appellant.

Richard W. Leiken, State's Attorney, of Eureka (G. Michael Prall and Marc D. Towler, both of Illinois State's Attorneys Association, of counsel), for the People.

Mr. PRESIDING JUSTICE SIMKINS delivered the opinion of the court:

On November 3, 1975, defendant, Douglas B. Dunn, was issued a traffic citation and complaint alleging that he had committed the offense of failure to signal when required in violation of section 11—804(b) of the Illinois Vehicle Code (Ill. Rev. Stat. 1975, ch. 95½, par. 11—804(b)). Defendant subsequently entered a plea of not guilty to this charge and requested to be tried by the court.

A bench trial followed on December 17, 1975. After hearing the evidence, the trial court found the defendant guilty of the offense charged. The court then proceeded to impose a sentence of 2 years' probation. Conditions attached to this probation by the court included a provision that the defendant serve 3 days in the county jail and a provision that defendant "keep a personal appearance (including hair length and clothes) approved by the Probation Officer."

After imposing the above sentence, the trial court then ordered defendant to get a short haircut and return to the court before noon on that same day. Defendant complied and the trial judge reduced the condition of 3 days in jail to 1 day. A mittimus was issued, but was stayed by the trial judge pending appeal. This court later granted defendant's motion to stay that portion of the probation order requiring defendant to keep a personal appearance approved by the probation officer and requiring him to have a short haircut.

On appeal defendant asserts that he was denied the right to be represented by counsel at trial and at the sentencing hearing. He also raises a number of issues concerning sentence.

■■ The People have confessed error as to defendant's contention that he was denied the right to be represented by counsel at trial. We agree. (See *Argersinger v. Hamlin* (1972), 407 U.S. 25, 32 L. Ed. 2d 530, 92 S. Ct. 2006.) The record in this case shows that defendant was not represented by counsel. Also, the record does not show that defendant was advised of his right to counsel, or that he knowingly and understandingly waived such right. Therefore, defendant's conviction for the offense of failure to signal when required must be reversed.

Defendant further argues that the cause should not be remanded to the trial court. We do not agree. Where an accused has been denied a constitutional right, the proper remedy is to grant him a new trial. (*People v. Nelson* (1960), 18 Ill. 2d 313, 164 N.E.2d 16; *People v. Morrissey* (1972), 52 Ill. 2d 418, 288 N.E.2d 397.) Consequently, this case will be remanded to the trial court for further proceedings.

Finally, defendant has raised questions concerning the sentence imposed by the trial court. More particularly, he asserts that the trial judge improperly ordered him to get his hair cut, and imposed as a

condition of probation the requirement that he maintain the length of his hair, and his appearance, in a manner approved by his probation officer. Because this question is likely to reoccur, we will consider it.

■■ Section 5—6—3 of the Unified Code of Corrections (Ill. Rev. Stat. 1975, ch. 38, par. 1005—6—3) provides the conditions which may be imposed when a sentence of probation is ordered. Without setting forth this entire section, suffice it to say that none of the conditions include the regulation of the length of the person's hair or his personal appearance. While the section does appear to provide for conditions other than those specifically listed (see section 5—6—3(b)), there must be some connection between the condition and the crime charged. (*People v. Brown* (1971), 133 Ill. App. 2d 861, 272 N.E.2d 252.) Here, there is no connection between hair length and personal appearance and the failure to signal when required.

● 3 Furthermore, the supreme court has recently considered the propriety of the imposition of penalties not prescribed by the General Assembly. In *People v. Breen* (1976), 62 Ill. 2d 323, 342 N.E.2d 31, the supreme court held that the practice of placing a defendant on supervision, without entering a judgment of conviction, is unauthorized by law. (But see P.A. 79-1334, effective August 2, 1976.) While the posture of the instant case differs from that of *Breen,* the principle of that case applies here. Only authorized sentences are permitted. Of particular interest here is the supreme court's citation in *Breen* to Supreme Court Rule 61(c)(18), which provides:

> "In imposing sentence, a judge should follow the law and should not compel persons brought before him to submit to some act or discipline without authority of law, whether or not he may think it would have a beneficial corrective influence. He should endeavor to conform to a reasonable standard of punishment and should not seek popularity or publicity either by exceptional severity or by undue leniency." (Ill. Rev. Stat. 1975, ch. 110A, par. 61(c)(18).)

We therefore conclude that the trial court was without authority to impose conditions of probation concerning defendant's hair length and personal appearance.

For the foregoing reasons, the judgment of the circuit court of Woodford County is reversed and the cause is remanded for proceedings not inconsistent with this opinion.

Reversed and remanded.

CRAVEN, P. J., and GREEN, J., concur.