DANNY BRUCE JETT

*v.*

BOBBY LEVERETTE, *Superintendent,*

*West Virginia Penitentiary*

(No. 14118)

Decided September 19, 1978.

*Terence M. Gurley, Schrader, Stamp & Recht* for relator.

*Chauncey H. Browning,* Attorney General, *William D. Highland,* Assistant Attorney General, for respondent.

MILLER, JUSTICE:

In this original habeas corpus proceeding the relator, Danny Bruce Jett, challenges the denial of credit on his underlying sentence for the time he spent on probation before its revocation. He contends the Double Jeopardy Clause, Article III, Section 5 of the West Virginia Constitution, requires that he be given credit for such time.

Heavy, if not total, reliance is placed on *Conner v. Griffith*, ___ W. Va. ___, 238 S.E.2d 529 (1977). There, we held our Double Jeopardy Clause requires credit on the underlying sentence for time spent on parole where there is a revocation of parole. We decline to apply *Conner* to probation.[1]

Despite the fact that there is a certain amount of similarity between parole and probation, as noted in *Gagnon v. Scarpelli*, 411 U.S. 778, 36 L. Ed. 2d 656, 93 S.Ct. 1756 (1973); *Morrissey v. Brewer*, 408 U.S. 471, 33 L. Ed. 2d 484, 92 S.Ct. 2593 (1972); and *Louk v. Haynes*, ___ W. Va. ___, 223 S.E.2d 780 (1976), they are by no means totally congruent. There can be no doubt both arise from an enlightened legislative desire to ameliorate the common law rule which precluded courts from withholding or suspending sentence except in certain limited instances attendant to an appeal. *Ex parte United States*, 242 U.S. 27, 61 L. Ed. 129, 37 S.Ct. 72 (1916); *State ex rel. Winter v. MacQueen*, ___ W. Va. ___, 239 S.E.2d 660, 662-663 (1977) (concurring opinion).

It may also be readily admitted from a procedural due process standpoint that both are surrounded with many of the same procedural protections upon their revocation. *Gagnon v. Scarpelli, supra; Morrissey v. Brewer, supra; Louk v. Haynes, supra.*

Although it is true that both probation and parole serve a rehabilitative goal, there are distinctions between the two approaches.[2] Parole is made available

---

[1] *Conner* held in Syllabus Point 1 that our Double Jeopardy Clause covered three situations, of which the third was applicable:

"The Double Jeopardy Clause in Article III, Section 5 of the West Virginia Constitution, provides immunity from further prosecution where a court having jurisdiction has acquitted the accused. It protects against a second prosecution for the same offense after conviction. It also prohibits multiple punishments for the same offense."

[2] In *United States v. Murray*, 275 U.S. 347, 72 L. Ed. 309, 48 S.Ct. 146 (1928), Chief Justice Taft spoke of probation's goal:

"The great desideratum was the giving to young and new violators of law a chance to reform and to escape the contaminating

only after the convicted defendant has undergone imprisonment and demonstrated, through his good conduct under confinement, a rehabilitative trend. Parole carries with it an initial period of confinement. This is generally absent from probation.[3]

Parole is basically a legislatively created system granting power to the executive branch, normally through an administrative board of parole, to grand conditional release to persons incarcerated.[4] Probation arises from the legislative designation of power to the judiciary to suspend the imposition of sentence and place the individual in conditional liberty. *Roberts v. United States*, 320 U.S. 264, 88 L. Ed. 41, 64 S.Ct. 113 (1943).

Probation conditions have proved, furthermore, more amenable to judicial review than parole conditions. *See, e.g., Douglas v. Buder*, 412 U.S. 430, 37 L. Ed. 2d 52, 93 S.Ct. 2199 (1973); *In re Bushman*, 1 Cal. 3d 767, 83 Cal. Rptr. 375, 463 P. 2d 727 (1970); *Bienz v. State*, 343 So.2d 913 (Fla. App. 1977); *Inman v. State*, 124 Ga. App. 190, 183 S.E.2d 413 (1971); *State v. Oyler*, 92 Idaho 43, 436 P.2d 709 (1968); *People v. Brown*, 133 Ill. App. 2d 861, 272 N.E.2d 252 (1971); *Dulin v. State*, 346 N.E.2d 746 (Ind. App. 1976); *People v. Higgins*, 22 Mich. App. 479, 177 N.W.2d 716 (1970); *State ex rel. Halverson v. Young*, 278

---

influence of association with hardened or veteran criminals in the beginning of the imprisonment. . . . If the case was a proper one, great good could be done in stopping punishment by putting the new criminal on probation. The avoidance of imprisonment at time of sentence was therefore the period to which the advocates of a Probation Act always directed their urgency." [275 U.S. at 357-358, 72 L. Ed. at 313, 48 S.Ct. at 149]

[3] Some probation statutes authorize an initial term of confinement followed by court-supervised probation. In these jurisdictions the courts have split on whether the double jeopardy clause requires credit for the time spent in confinement where probation is revoked. *Compare State v. Jones*, 327 So.2d 18 (Fla. 1976), *with State v. Fuentes*, 26 Ariz. App. 444, 549 P. 2d 224 (1976), *aff'd without comment*, 113 Ariz. 285, 551 P.2d 554. We have held that our Double Jeopardy Clause requires credit for detention time after conviction. *State v. Hersman*, ___ W. Va. ___, 242 S.E.2d 559 (1978).

[4] W. Amos & C. Newman, *Parole*, at 22-25 (1975).

Minn. 381, 154 N.W.2d 699 (1967); *People v. Mandell,* 50 A.D.2d 907, 377 N.Y.S.2d 563 (1975); *Louk v. Haynes, supra.*

This may be accounted for by the fact that probation is a judicial act subject to judicial review. As this Court stated in *Louk v. Haynes, supra:* "Any condition of probation, however, which is imposed in the discretion of the trial court must be reasonable." [＿＿ W. Va. at ＿＿, 223 S.E.2d at 788] Parole is an executive function and this traditionally may limit a review of parole conditions to those that violate some fundamental or constitutional right. *See, e.g., Arciniega v. Freeman,* 404 U.S. 4, 30 L. Ed. 2d 126, 92 S.Ct. 22 (1971); *Hyland v. Procunier,* 311 F. Supp. 749 (N.D. Cal. 1970).

In West Virginia, as in other states, probation differs from parole in that the judge is authorized to tailor the probation conditions to meet the particular needs of the individual case,[5] while parole conditions are generally uniformly set by the parole board for all parolees.[6] The

---

[5] W.Va. Code, 62-12-9:

"Release on probation shall be upon the following conditions:

"(1) That the probationer shall not, during the term of his probation, violate any criminal law of this or any other state, or of the United States.

"(2) That he shall not, during the term of his probation, leave the State without the consent of the court which placed him on probation.

"(3) That he shall comply with the rules and regulations prescribed by the court or by the board of probation and parole, as the case may be, for his supervision by the probation officer.

"In addition, the court may impose, subject to modification at any time, any other conditions which it may deem advisable, including but not limited to any of the following:

"(1) That he shall make restitution or reparation, in whole or in part, immediately or within the period of probation, to any party injured by the crime for which he has been convicted.

"(2) That he shall pay any fine assessed and the costs of the proceeding in such installments as the court may direct.

"(3) That he shall make contributions from his earnings, in such sums as the court may direct, for the support of his dependents."

[6] W.Va. Code, 62-12-17:

"Release on parole shall be upon the following conditions:

opportunity for less restrictive conditions is therefore more available in probation than parole.

Moreover, under our probation statute a maximum term of five years is set as the outer limit for probation time.[7] This probation term has no direct relationship to the amount of time required on the underlying criminal sentence. Furthermore, a judge can set probation for a shorter term but when either the statutory maximum or the shorter term has been served, the court no longer has jurisdiction to revoke probation. This is true even though the violation may have occurred during the probation term and regardless of the length of the underlying criminal sentence. *State v. Reel,* 152 W. Va. 646, 165 S.E.2d 813 (1969); *State ex rel. Render v. Wood,* 152 W. Va. 484, 165 S.E.2d 102 (1968), *overruled on other grounds, Louk v. Haynes, supra,* 223 S.E.2d at 787; *State ex rel. Strickland v. Melton,* 152 W. Va. 500, 165 S.E.2d 90 (1968).

Parole is different in that it operates in conjunction with the underlying criminal sentence.[8] No separate period of parole is specified by the statute and in this

---

"(1) That the parolee shall not, during the period of his parole, violate any criminal law of this or any other state, or of the United States.

"(2) That he shall not, during the period of his parole, leave the State without the consent of the board.

"(3) That he shall comply with the rules and regulations prescribed by the board for his supervision by the probation and parole officer.

"In addition, the board may impose, subject to modification at any time, any other conditions which the board may deem advisable."

*See Conner v. Griffith,* ____, W. Va. ____, 238 S.E.2d 529, 532 n. 13, as to uniform parole conditions.

[7] W.Va. Code, 62-12-11, reads in pertinent part:

"The period of probation together with any extension thereof shall not exceed five years."

[8] W.Va. Code, 62-12-18, reads in pertinent part:

"The period of parole shall be the maximum of any sentence, less deductions for good conduct and work as provided by law, for which the paroled prisoner, at the time of release, was subject to imprisonment under his definite or indeterminate sentence, as the case may be."

sense the parolee is serving out the remainder of his criminal sentence.[9]

A further distinction exists between probation and parole in regard to their relationship to the underlying criminal sentence. Under our probation statute, the court may either impose sentence and then suspend its execution and place the defendant on probation, or it may initially suspend imposition of the sentence and place the defendant on probation.[10] Obviously, in this latter situation, where there has been no imposition of an underlying criminal sentence, the probation term is completely independent.

This Court has held that, where there is no imposition of sentence initially and the defendant has been placed on probation, the court is without jurisdiction to impose a criminal sentence once the probation term is completed, even though the conditions of probation have been violated during the probation term. *State ex rel. Render v. Wood, supra; State ex rel. Strickland v. Melton, supra.*

Further, statutory differences exist between probation and parole in regard to eligibility. Probation is not available for a person who has a prior felony conviction within five years of his current felony conviction. Nor is probation available if the person is convicted of or pleads guilty to a felony for which the maximum penalty is life imprisonment.[11] No such parallel restrictions are imposed on eligibility for parole.[12]

---

[9] It is true, however, that under W. Va. Code, 62-12-18, it is possible for a parolee to have his underlying sentence discharged after one year on parole for all felonies except those carrying a life sentence and, as to this latter category, a discharge is possible after five years on parole.

[10] W.Va. Code, 62-12-3, provides in material part:

"[T]he court, upon application or of its own motion, may suspend the imposition or execution of sentence and release the offender on probation for such period and upon such conditions as are provided by this article; . . ."

[11] W.Va. Code, 62-12-2.

[12] Under W.Va. Code, 62-12-13, there are restrictions as to the eligibility based on service of portions of the underlying sentence, but no absolute bar to parole.

Additionally, the probation and parole statutes make a distinction as to re-eligibility. On a violation of probation, if it is the commission of a felony, the probation must be revoked; otherwise, the judge may continue the probation term. There is no statutory right to retain eligibility for probation after its revocation.[13] In the case of a parole revocation there exists the possibility of further eligibility for parole unless the parolee has committed certain crimes set out in W.Va. Code, 62-12-18, while on parole, in which event "he shall be ineligible for further parole." W.Va. Code, 61-12-19.

Conceptually, these statutory differences suggest a legislative intention to accord more flexibility in parole revocation, which may be accounted for by the fact that in parole there is the underlying criminal sentence which measures the length of control over the parolee. By contrast, the probation term is independent of the underlying criminal sentence.

Thus in our jurisdiction there are fundamental statutory differences between probation and parole in the relationship they bear to the underlying criminal sentence. The term of probation has no correlation to the underlying criminal sentence, while parole is directly tied to it. In effect, there is a probation sentence which operates independently of the criminal sentence.

Other courts have recognized that there is a difference between the probation term and the underlying criminal sentence. This has led to the general rule that the fact the probation term exceeds the maximum term for the underlying crime does not render the probation term invalid. *United States v. Lancer*, 508 F.2d 719, 724 n. 18 (3rd Cir. 1975); *Driver v. United States*, 232 F.2d 418, 421-422 (4th Cir. 1956); *Mitchem v. United States*, 193 F.2d 55

---

[13] W.Va. Code, 62-12-10, in material part states:

"If, despite a violation of the conditions of probation, the court or judge shall be of the opinion that the interests of justice do not require that the probationer serve his sentence, the court or judge may, except when the violation was the commission of a felony, again release him on probation."

(5th Cir. 1951); *Hollandsworth v. United States*, 34 F.2d 423, 426-427 (4th Cir. 1929); *United States v. Sumpter*, 287 F.Supp. 608, 610 (S.D. Tex. 1968); *Tiedeman v. State*, 576 P.2d 114 (Alaska 1978); *accord, People v. Tadla*, 110 Ill. App. 2d 119, 124, 249 N.E.2d 155, 158 (1969).

In *United States v. Shead*, 568 F.2d 678 (10th Cir. 1978), a probationer sought to attack the denial of credit for the time he had spent on probation, after it had been revoked, on the basis of the Due Process and Equal Protection Clauses of the Federal Constitution. He argued that since parolees were entitled to such credit under 18 U.S.C. § 4210, probationers were subject to constitutionally impermissible discrimination. In rejecting this claim, the court found there were significant distinctions between probation and parole:

> "The Due Process and Equal Protection Clauses do not command symmetry within the probation and parole systems. Legislative solutions are valid and must be respected if the distinctions drawn have some basis in practical experience or if some legitimate state interest is advanced. *McGinnis v. Royster*, 410 U.S. 263, 276, 93 S.Ct. 1055, 35 L.Ed.2d 282; *South Carolina v. Katzenbach*, 383 U.S. 301, 331, 86 S.Ct. 803, 15 L.Ed.2d 769." [568 F.2d at 684]

A similar result was reached in *United States v. Fultz*, 482 F.2d 1 (8th Cir. 1973), where the court rejected a federal double jeopardy claim based on the denial of credit for time spent on probation after its revocation. *See also Manley v. United States*, 432 F.2d 1241 (2nd Cir. 1970); *Thomas v. United States*, 327 F.2d 795 (10th Cir. 1964), *cert. denied*, 377 U.S. 1000, 12 L. Ed. 2d 1051, 84 S.Ct. 1936.

The critical differences between *Conner* and the present case lie in the basic distinctions between probation and parole. We are not unmindful that *Conner* spoke of the conditions surrounding parole as being a restraint on liberty. To this extent there is a parallelism between parole and probation, but we cannot isolate this aspect as controlling.

In the final analysis the concept that double jeopardy bars multiple punishments for the same offense is not a mere ritualism. It involves not only a determination of the sameness of the offenses, but an inquiry into the congruent character of the punishments to determine whether, in fact, there is a multiplicate. Here, we are persuaded that the separation of the probation term from the underlying criminal sentence, coupled with the significant statutory differences between probation and parole, does not warrant application of the double jeopardy rule contained in *Conner*.

We, therefore, find that our State's Double Jeopardy Clause is not violated by the failure to credit the time spent on probation upon its revocation. This writ of habeas corpus is, for the foregoing reasons, hereby denied.

*Writ denied.*

MCGRAW, JUSTICE, *dissenting:*

I respectfully dissent from the majority opinion for the reason that it draws distinctions between probation and parole where no material differences exist. Probation, parole and incarceration are restraints upon liberty[1] imposed as a punishment for crime. The conditions of probation or parole as found in Chapter 62 of the West Virginia Code are fundamentally the same.[2] I acknowledge that probation and parole are not technically identical because probation is granted prior to any imprison-

---

[1] "The term 'liberty' as used in the Constitution is not dwarfed into mere freedom from physical restraint of the person of the citizen as by incarceration, but is deemed to embrace the right of man to be free in the enjoyment of the faculties with which he has been endowed by his Creator, subject only to such restraints as are necessary for the common welfare. Liberty, in its broad sense, as understood in this country, means the right not only of freedom from servitude, imprisonment or restraint, but the right of one to use his faculties in all lawful ways, to live and work where he will, to earn his livelihood in any lawful calling, and to pursue any lawful trade or avocation." *People v. Gillson*, 109 N.Y. 398, *as quoted in Lawrence v. Barlow*, 77 W. Va. 289, 292, 87 S.E. 380, 381 (1915).

[2] *See* footnotes 5 and 6 of the majority opinion.

ment while parole commences only after part of a sentence of imprisonment has been served.

I cannot agree, however, that the functional difference between them are relevant for the purposes of the underlying principles established in *Conner v. Griffith*, ___ W. Va. ___, 238 S.E.2d 529 (1977). *Conner* established, for the purposes of this state's Double Jeopardy Clause, *W. Va. Const.*, Art. 3, § 5, that parole involves such a significant restriction on individual liberty that it constitutes punishment. Probation is essentially the same as parole with respect to the extent it restricts one's individual liberty. The majority opinion, which does not attempt to distinguish the two in this respect, serves only to indicate their fundamental similarity. Indeed, even the respondent confessed error in this proceeding because parole and probation constitute similar restrictions on individual liberty.

This Court says in *Conner* at 534 that:

> Our decision is part of an increasing trend in both federal and state courts to apply substantive constitutional standards of double jeopardy or equal protection to forbid the withdrawal of time spent in custody from the underlying sentence.

Unquestionably time on probation is "time spent in custody."

Earlier in *Conner* the Court, at 543, comments that:

> Time spent serving a sentence does not depend on the manner or location in which it is served. There are, to be sure, different degrees of confinement recognized in any penal system. The fact that some confinements are less restrictive than others should have no bearing in computing the time served on the sentence.

> Furthermore, it is obvious that if probation or parole is not revoked, the time served under these less restrictive conditions will count on the sentence. *State v. Shawyer*, 154 W. Va. 522, 117 S.E.2d 25 (1970). It is difficult to perceive why, if

the time served counts where there is no violation, the same time served until the violation should not also count.

Interestingly, the majority in syllabus point one of the instant case recognizes that probation is a sentence.

When an ordinary citizen looks at the government which restrains as a punishment for crime, he would see but a unitary form, not those studied distinctions between judicial and executive branches or those other distinctions seen so clearly by lawyers and this Court. There is to the citizen, and in common sense, no distinction in the character of restraint imposed by probation or parole. The law, to maintain its integrity, should make sense to laymen. Laymen will simply be perplexed at the ability of this Court to draw legalistic distinctions where no fundamental differences exist.

Some lawyers, however, will be reassured to know that this Court still has an ability to count the number of angels that can dance on the head of a pin.

I am authorized to say that my brother Harshbarger, to this dissent, says *Amen.*