# STATE OF WEST VIRGINIA
## SUPREME COURT OF APPEALS

**State of West Virginia, Plaintiff Below,
Respondent**

**vs) No. 13-0133** (Mercer County 12-M-AP-23)

**Lacy Earl Workman, Defendant Below,
Petitioner**

**FILED**

November 26, 2013
RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

## MEMORANDUM DECISION

Petitioner Lacy Workman's appeal, by counsel Mark Hobbs, arises from the Circuit Court of Mercer County's January 28, 2013 order sentencing him to one year in the Southern Regional Jail following his conviction of domestic battery. The State, by counsel Scott E. Johnson, filed a response in support of the circuit court's order. On appeal, petitioner alleges that the circuit court violated his due process rights by imposing a harsher sentence on appeal from magistrate court.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision is appropriate under Rule 21 of the Rules of Appellate Procedure.

In July of 2012, petitioner was leaving his home after an argument with his then wife when he returned to their bedroom to collect personal items from under the bed. In doing so, petitioner forcibly removed his stepson from the bed by lifting up a corner of the mattress, causing the stepson to fall off the bed and cut his head on a dresser. Petitioner's wife then shoved him to force him from the bedroom. At this point, petitioner struck her in the back of the head with a "tire thumper," a roughly two-foot-long wooden rod. Petitioner's wife suffered a concussion and whiplash as a result of the attack, and required medical attention for the injuries.

In December of 2012, the Mercer County Magistrate Court found petitioner guilty of domestic battery and sentenced him to one year in jail, but suspended the sentence in lieu of one year of unsupervised probation. Petitioner then appealed to circuit court. Following a de novo bench trial in January of 2013, the circuit court found petitioner guilty of one count of domestic battery and sentenced him to one year in jail, but suspended the sentence in lieu of one year of supervised probation. It is from the resultant order that petitioner appeals.

"'This Court reviews the circuit court's final order and ultimate disposition under an abuse of discretion standard. We review challenges to findings of fact under a clearly erroneous

1

standard; conclusions of law are reviewed *de novo*.' Syllabus Point 4, *Burgess v. Porterfield*, 196 W.Va. 178, 469 S.E.2d 114 (1996)." Syl. Pt. 1, *State v. Spade*, 225 W.Va. 649, 695 S.E.2d 879 (2010). Petitioner's entire argument is premised upon our prior holdings regarding criminal appeals from magistrate court, wherein we have stated as follows:

> A defendant who is convicted of an offense in a trial before a justice of the peace and exercises his statutory right to obtain a trial *de novo* in the circuit court is denied due process when, upon conviction at his second trial, the sentencing judge imposes a heavier penalty than the original sentence. W.Va.Const. art. 3, s 10.

Syl. Pt. 2, *State v. Eden*, 163 W.Va. 370, 256 S.E.2d 868 (1979). Upon our review, we find no error in the circuit court imposing supervised probation following petitioner's bench trial in the circuit court. While petitioner argues that ordering supervised probation when the magistrate court ordered unsupervised probation violates his due process right as set forth in *Eden*, we disagree.

We have previously held that "[p]robation is not a sentence for a crime but instead is an act of grace upon the part of the State to a person who has been convicted of a crime." *State v. Jones*, 216 W.Va. 666, 669, 610 S.E.2d 1, 4 (2004) (quoting Syl. Pt. 2, *State ex rel. Strickland v. Melton*, 152 W.Va. 500, 165 S.E.2d 90 (1968)). Further, "probation has no correlation to the underlying criminal sentence . . . ." *State v. Tanner*, 229 W.Va. 138, 141 fn. 7, 727 S.E.2d 814, 817 (2012) (quoting Syl. Pt. 1, *Jett v. Leverette*, 162 W.Va. 140, 146, 247 S.E.2d 469, 472 (1978)). In the instant matter, both the magistrate court and the circuit court sentenced petitioner to one year in jail for the offense of domestic battery. As such, it is clear that petitioner did not receive a harsher sentence on appeal, the circuit court's imposition of supervised probation notwithstanding. Therefore, no violation of petitioner's due process rights occurred below.

For the foregoing reasons, the circuit court's January 28, 2013 order sentencing petitioner is hereby affirmed.

Affirmed.

**ISSUED**: November 26, 2013

**CONCURRED IN BY**:

Justice Margaret L. Workman
Justice Menis E. Ketchum
Justice Allen H. Loughry II

**DISSENTING:**

Chief Justice Brent D. Benjamin
Justice Robin Jean Davis

2