# STATE OF WEST VIRGINIA
# SUPREME COURT OF APPEALS

**State of West Virginia,**
**Petitioner Below, Respondent**

**vs.) No. 20-0255** (Mercer County 18-M-AP-12 and 18-M-AP-13)

**Dustin M.,**
**Defendant Below, Petitioner**

## MEMORANDUM DECISION

Petitioner Dustin M., by counsel Dennis R. Bailey, appeals the Circuit Court of Mercer County's December 20, 2019, order denying his "Motion to Re-sentence."[1] Respondent State of West Virginia, by counsel Lara K. Bissett, filed a response in support of the circuit court's order and a supplemental appendix. On appeal, petitioner asserts that the circuit court erred by failing to resentence him in order for him to appeal his underlying conviction.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the circuit court's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

In separate criminal complaints filed in March and June of 2017, petitioner was charged with two misdemeanor offenses of domestic battery against his six-year-old child and the child's mother. A bench trial was held in March of 2018 in magistrate court wherein petitioner was convicted of both counts of domestic battery. The next month, petitioner appealed his conviction to circuit court, and a bench trial was conducted in circuit court in June of 2018. The circuit court convicted petitioner in July of 2018, finding that the State had proved its case beyond a reasonable doubt. The circuit court imposed the same sentence pronounced by the magistrate court: ninety days in jail, which was suspended in lieu of twelve months of unsupervised probation. At

---

[1]Consistent with our long-standing practice in cases with sensitive facts, we use initials where necessary to protect the identities of those involved in this case. *See In re K.H.*, 235 W. Va. 254, 773 S.E.2d 20 (2015); *Melinda H. v. William R. II*, 230 W. Va. 731, 742 S.E.2d 419 (2013); *State v. Brandon B.*, 218 W. Va. 324, 624 S.E.2d 761 (2005); *State v. Edward Charles L.*, 183 W. Va. 641, 398 S.E.2d 123 (1990).

sentencing, petitioner was advised of his right to appeal and was instructed that he must file any notice of appeal within thirty days of sentencing.

In September of 2019, petitioner filed a motion to resentence in circuit court. In support of his motion, petitioner noted that he was a career police officer, but his conviction prohibited him from possessing a firearm. Petitioner alleged that "[d]ue to the apparent advice of previous counsel, and [his] subsequent resulting belief that he was not permitted to pursue this matter any further, [he] originally allowed his appeal period to lapse." As such, he requested that the circuit court resentence him for the sole purpose of "allowing him to explore the possibility of an appeal." The State responded to petitioner's motion and argued that petitioner failed to demonstrate "good cause" for resentencing. The State noted that petitioner was informed of his right to appeal at sentencing but chose not to exercise that right in excess of a year after his conviction and sentence. Finally, the State argued that petitioner failed to assert "any facts that his prior counsel failed to exercise his right to appeal or inform the [c]ourt of [his] desire to appeal his conviction."

The circuit court held a hearing on petitioner's motion in October of 2019, wherein petitioner's counsel acknowledged that the motion "really comes down to the sound discretion of the trial court." Further, petitioner's counsel acknowledged that the circuit court informed petitioner of his right to appeal at the sentencing hearing. At the 2019 hearing, the State argued that given petitioner's experience as a law enforcement officer and his prior appeal from magistrate court to circuit court, he was aware of the right to appeal his conviction. The State further noted that fifteen months had passed since petitioner's conviction and petitioner had completed his twelve months of probation, thereby discharging his sentence. In rebuttal, petitioner's counsel asserted that petitioner had only recently realized the "burden" of not exercising his right to appeal. After hearing the arguments, the circuit court found that petitioner had discharged his sentence and because over a year had passed since his conviction, it lacked jurisdiction and legal authority to consider the motion. As such, on December 20, 2019, the circuit court denied petitioner's motion for resentencing. It is from this order that petitioner appeals.

Our standard of review has been stated as follows:

> "In reviewing challenges to the findings and conclusions of the circuit court, we apply a two-prong deferential standard of review. We review the final order and the ultimate disposition under an abuse of discretion standard, and we review the circuit court's underlying factual findings under a clearly erroneous standard. Questions of law are subject to a *de novo* review." Syl. Pt. 2, *Walker v. West Virginia Ethics Commission,* 201 W.Va. 108, 492 S.E.2d 167 (1997).

Syl. Pt. 1, *State v. Meadows*, 231 W. Va. 10, 743 S.E.2d 318 (2013).

On appeal, petitioner asserts that the circuit court erred in failing to resentence him for purposes of an appeal of his convictions for domestic battery. Petitioner asserts that his trial counsel failed to appeal his convictions, despite a request from petitioner to do so.

Although petitioner alleges that his trial counsel "failed to file an appeal upon his request," petitioner fails to provide any evidence or facts in support of this ground in the record. Further,

petitioner's current counsel acknowledged that in both petitioner's motion for resentencing and during the hearing on that motion "[petitioner] originally allowed his appeal period to lapse." The record is clear that petitioner was advised by the circuit court of his right to appeal and he was instructed that he must file a notice of any appeal within thirty days of his sentencing. This Court has held that "[t]he constitutional right to appeal cannot be destroyed by counsel's inaction or by a criminal defendant's delay in bringing such to the attention of the court *but such delay on the part of the defendant may affect the relief granted*." Syl. Pt. 8, in part, *Rhodes v. Leverette*, 160 W. Va. 781, 239 S.E.2d 136 (1977) (emphasis added). The record makes clear that it was petitioner's inaction that resulted in no appeal being filed.

Further, petitioner discharged his sentence by successfully completing his year-long probation period and then waited an additional three months before filing his motion to resentence. This Court has previously held that once a defendant completes his period of probation, the circuit court can no longer exercise jurisdiction over him. *See* Syl. Pt. 7, in part, *State v. Inscore*, 219 W. Va. 443, 634 S.E.2d 389 (2006) ("In order to sustain and extend the jurisdictional authority . . . subsequent to the expiration of the probationary period, the probationer must at least be charged with the probation violation prior to such expiration. Where no such charges are brought prior to the expiration of the probationary term, jurisdiction does not continue beyond the date of such expiration.") (citation omitted); *State v. Duke*, 200 W. Va. 356, 368, 489 S.E.2d 738, 750 (1997) (finding that because the petitioner's probationary term had expired, the court lacked jurisdiction to revoke his probation and reimpose his suspended sentence); *Jett v. Leverette*, 162 W. Va. 140, 144, 247 S.E.2d 469, 471 (1978) (finding that "when either the statutory maximum or the shorter term has been served, the court no longer has jurisdiction to revoke probation") (citations omitted). Accordingly, the circuit court did not abuse its discretion or otherwise err when it held that it no longer had jurisdiction over petitioner, and, therefore, lacked the authority to resentence him.

For the foregoing reasons, we affirm the circuit court's December 20, 2019, order denying petitioner's motion for resentencing.

Affirmed.

**ISSUED:** August 27, 2021

**CONCURRED IN BY:**

Chief Justice Evan H. Jenkins
Justice Elizabeth D. Walker
Justice Tim Armstead
Justice John A. Hutchison
Justice William R. Wooton

3