**STATE OF WEST VIRGINIA**
**SUPREME COURT OF APPEALS**

State of West Virginia,
**Plaintiff Below, Respondent**

**v.) No. 23-300** (Randolph County CC-42-2019-F-105)

**Cornell Lee Smith,**
**Defendant Below, Petitioner**

## MEMORANDUM DECISION

Petitioner Cornell Lee Smith appeals the Circuit Court of Randolph County's May 17, 2023, probation violation order revoking his probation.[1] The petitioner argues that the court erred in finding that he absconded from supervised probation and executing his underlying sentences instead of imposing a period of confinement of up to sixty days for a first-time violation of supervised probation. Upon our review, finding no substantial question of law and no prejudicial error, we determine that oral argument is unnecessary and that a memorandum decision affirming the circuit court is appropriate. *See* W. Va. R. App. P. 21.

On December 9, 2019, the petitioner entered into a plea agreement with the State to resolve the charges pending against him. He pled guilty to charges of fleeing in a vehicle with reckless indifference, with a sentence of not less than one nor more than five years of incarceration; driving while license revoked for DUI, third or subsequent offense, with a sentence of not less than one nor more than three years imprisonment, to run consecutively to the sentence for the previously listed charge; and failure to appear, with a sentence of not less than one nor more than five years imprisonment, to run consecutively to the sentences for the previously listed two charges. On March 2, 2020, the circuit court sentenced the petitioner in accordance with the plea agreement and indicated that his sentence for failure to appear would be "SUSPENDED for five (5) years of supervised probation once the defendant is released from incarceration on the previously imposed sentences." The petitioner was given a copy of the court's sentencing order.

On August 31, 2021, the petitioner was paroled, and, upon his release from prison, he reported to the Elkins Parole Office as required by the West Virginia Department of Corrections ("DOC"); but he failed to report to the Randolph County Probation Office as required by the circuit court. On November 14, 2022, Parole Services gave the petitioner notice of the parole violation

---

[1] The petitioner appears by counsel Gregory R. Tingler. The State of West Virginia appears by Attorney General John B. McCuskey and Assistant Attorney General Andrea Nease Proper. Because a new Attorney General took office while this appeal was pending, his name has been substituted as counsel.

charges pending against him for testing positive for use of alcohol and drugs and for failing to complete drug treatment as directed by his parole officer. On December 6, 2022, the Randolph County Probation Office filed a petition for revocation of the petitioner's supervised probation, indicating that he had failed to "report to the Randolph County Probation Office upon his release from incarceration . . . on the 28th day of September 2021." The case was set for a hearing.

The petitioner filed a motion to dismiss the revocation petition, and the circuit court denied the motion. The petitioner waived his preliminary revocation hearing and, on March 27, 2023, stipulated that he had not reported to the Randolph County Probation Office upon his release from incarceration, but he did *not* stipulate to the characterization of his conduct as absconding and, instead, claimed that he had misunderstood the court's sentencing order concerning his supervised probation reporting requirements. During the revocation proceeding, in response to questioning from his attorney, the petitioner agreed that he had heard the judge's order concerning supervised probation during his sentencing hearing and acknowledged receiving a copy of the court's sentencing order containing a summary of his cases, convictions, and the details of his sentences. The court accepted the petitioner's stipulation and noted that it was ironic that the petitioner had failed to report for supervised probation after being granted probation for a charge of failure to appear. On May 1, 2023, the court found that the petitioner had "violated his probation by failing to check in with probation upon his release from incarceration and further FOUND that the [petitioner] had absconded from probation supervision." During the proceeding, the court voiced concern that the petitioner had violated his parole by using drugs during the same period that he was supposed to have been on supervised probation. The circuit court revoked the petitioner's supervised probation and imposed the previously suspended sentence of not less than one nor more than five years imprisonment for the petitioner's conviction for failure to appear and entered an order reflecting its findings on May 17, 2023. The petitioner now appeals the court's order revoking his probation.

> When reviewing the findings of fact and conclusions of law of a circuit court sentencing a defendant following a revocation of probation, we apply a three-pronged standard of review. We review the decision on the probation revocation motion under an abuse of discretion standard; the underlying facts are reviewed under a clearly erroneous standard; and questions of law and interpretations of statutes and rules are subject to a *de novo* review.

Syl. Pt. 1, *State v. Duke*, 200 W. Va. 356, 489 S.E.2d 738 (1997).

The petitioner argues that the circuit court erred in finding that he had absconded from supervised probation and revoking the entirety of his suspended sentence instead of imposing a sixty-day period of confinement for a first violation under West Virginia Code § 62-12-10, which provides, in relevant part:

(1) If the court or judge finds reasonable cause exists to believe that the probationer:

(A) Absconded supervision;

(B) Engaged in new criminal conduct other than a minor traffic violation or simple possession of a controlled substance; or

(C) Violated a special condition of probation designed either to protect the public or a victim; the court or judge may revoke the suspension of imposition or execution of sentence, impose sentence if none has been imposed and order that sentence be executed.

(2) If the judge finds that reasonable cause exists to believe that the probationer violated any condition of supervision other than the conditions of probation set forth in subdivision (1) of this subsection then, for the first violation, the judge shall impose a period of confinement up to sixty days[.]

The petitioner makes several assertions in support of this assignment of error.

First, the petitioner cites his compliance with his parole supervision reporting requirement as an indicator that he did not abscond from supervised probation. As noted above, the petitioner stipulated, and it is undisputed, that he failed to report to the Randolph County Probation Office when he was paroled from incarceration. It is also undisputed that the petitioner did report for parole supervision after he was released from prison; but, contrary to the petitioner's argument, reporting for parole supervision does not satisfy the requirements of supervised probation because the programs are administered by separate governmental entities.[2] The powers and duties of the Parole Board are delineated in West Virginia Code §§ 15A-4-17 and 62-12-13;[3] petitions for revocation of parole are brought before the Parole Board, and matters pertaining to the revocation of parole are within the Parole Board's discretion. By contrast, supervised probation is monitored by probation officers whose duties are detailed in West Virginia Code § 62-12-6,[4] and the petitions

---

[2] Although inapplicable to the petitioner's case, there is a limited exception to the separation of authorities governing probation and parole. West Virginia Code § 62-11B-12(a) provides that:

> Notwithstanding any provision of this code to the contrary, in any case where a person has been ordered to home incarceration where that person is not in the custody or control of the Division of Corrections, the circuit court shall have the authority of the board of probation and parole regarding the release, early release or release on parole of the person.

[3] West Virginia Code § 15A-4-17 permits the Division of Corrections to award good time credit and commute prisoner sentences, and West Virginia Code § 62-12-13 details the powers and duties of the Parole Board, including the supervision of parolees.

[4] Relevant portions of West Virginia Code § 62-12-6(a)(4) to (a)(6) require probation officers to provide a written statement of the terms and rules of probation to probationers, stay informed about a probationer's "conduct and condition," and use "all practicable and suitable methods to aid and encourage the probationer to improve his or her conduct and condition[.]"

for revocation of supervised probation are filed in the circuit court. The attendant probation revocation hearings are conducted by the circuit court, and determinations concerning revocation are within the circuit court's discretion. *See Jett v. Leverette*, 162 W. Va 140, 143, 247 S.E.2d 469, 471 (1978) ("[P]robation is a judicial act subject to judicial review. . . . Parole is an executive function . . . ."). Considering these distinctions, the petitioner's cooperation with directives from the Parole Board concerning the terms and conditions of his *parole*, by reporting to the Elkins Parole Office, did not serve as a substitute for his compliance with the circuit court's order of a suspended sentence, involving *supervised probation* through the circuit court and the Randolph County Probation Office.

The petitioner also claims that the circuit court's March 19, 2020, sentencing order was ambiguous, and resulted in his misunderstanding of what was expected of him. We observe that the sentencing order plainly stated that the petitioner's sentence for his failure to appear conviction was suspended "for five (5) years of supervised probation once [he] is released from incarceration on the previously imposed sentences." Further, the court made the petitioner aware of his duty to report to the Randolph County Probation Office upon his release from incarceration, and he was given a copy of the court's sentencing order. The petitioner's reporting requirement was clearly communicated, and while the circuit court could have considered the petitioner's claimed misunderstanding as a mitigating factor in its revocation decision, it was not required to do so. As we have stated, "[p]robation is a matter of grace and not a matter of right." Syl. Pt. 1, *State v. Rose*, 156 W. Va. 342, 192 S.E.2d 884 (1972). Therefore, we find that the circuit court did not abuse its discretion in revoking the petitioner's supervised probation and imposing his underlying sentence upon finding that he had absconded pursuant to West Virginia Code § 62-12-10(a)(1)(A).[5]

For the foregoing reasons, we affirm.

Affirmed.

**ISSUED:** May 28, 2025

**CONCURRED IN BY:**

Chief Justice William R. Wooton
Justice Tim Armstead
Justice Elizabeth D. Walker
Justice C. Haley Bunn
Justice Charles S. Trump IV

---

[5] On appeal, the petitioner additionally asserts that the probation violation report contained no allegation that he had absconded, and that the circuit court "rendered a *sua sponte* finding" that he had violated West Virginia Code § 62-12-10(a)(1)(A). The petitioner did not raise this issue in the circuit court, and it is this Court's general rule that "errors assigned for the first time in an appellate court will not be regarded in any matter of which the trial court had jurisdiction or which might have been remedied in the trial court if objected to there." Syl. Pt. 17*, in part, State v. Thomas*, 157 W. Va. 640, 203 S.E.2d 445 (1974).