THE PEOPLE *ex rel.* NELLIE WRIGHT, Plaintiff-Appellee, *v.* JOSEPH WRIGHT, Defendant-Appellant.

First District (2nd Division)   No. 78-95

Opinion filed December 29, 1978.—Rehearing denied January 26, 1979.

Howard, Mann & Slaughter, of Chicago (P. Scott Neville, Jr., of counsel), for appellant.

Bernard Carey, State's Attorney, of Chicago (Lee T. Hettinger, James Veldman, and Suzanne Philbrick, Assistant State's Attorneys, of counsel), for appellee.

Mr. JUSTICE BROWN[1] delivered the opinion of the court:

---

[1] This opinion was prepared by Justice Brown while assigned to the Illinois Appellate Court, First District.

On July 7, 1977, the State filed a nonsupport action under section 1 of the Non-Support of Spouse and Children Act (Ill. Rev. Stat. 1975, ch. 68, par. 24) against the defendant, Joseph Wright. On August 24, 1977, the trial court, after hearing evidence, entered a $40 per week support order. Defendant retained counsel and filed a motion to vacate and to rehear on September 20, 1977. On October 4, 1977, another judge, after hearing evidence, entered a temporary order providing that defendant shall not be held in contempt for failure to comply with the August 24, 1977, order, as long as he continues to pay monthly mortgage payments, and continued the hearing on the motion until October 18, 1977. On October 18, 1977, the trial court, after hearing arguments of counsel, entered an order denying defendant's motion to rehear, granting the State's motion to amend its complaint to section 1 of "An Act in relation to married men and women" (Ill. Rev. Stat. 1975, ch. 68, par. 22), and ordering the defendant to pay $40 per week as support.

Defendant appeals from the entry of the August 24, 1977, support order, and the denial of his motion to rehear. Defendant also filed a motion in this court to reverse the October 18, 1977, order and filed a petition for attorney's fees.

The issues presented on review are: (1) whether the support order of October 18, 1977, is void because the court lacked subject matter jurisdiction over an action brought pursuant to section 1 of "(An Act in relation to married men and women"; (2) whether the complaint could properly be amended on October 18, 1977; (3) whether defendant can be found guilty of violating section 1 of the Non-Support of Spouse and Children Act when his spouse and children are not recipients of public aid; (4) whether the trial court's finding of nonsupport was against the manifest weight of the evidence; and (5) whether the State's confession of error entitles the defendant to attorney's fees. The pertinent facts follow.

On August 24, 1977, a hearing was conducted in the circuit court of Cook County before the Honorable Francis J. Maher, to determine whether defendant, Joseph Wright, was guilty of nonsupport of his wife, Nellie Wright, and their two minor children pursuant to a complaint charging defendant with violation of section 1 of the Non-Support of Spouse and Children Act (Ill. Rev. Stat. 1975, ch. 68, par. 24, now cited as Ill. Rev. Stat. 1977, ch. 40, par. 1101).

Nellie Wright, the complainant, testified that she and defendant were buying their residence at 16259 South Damen, Markham, Illinois; that defendant was last with her for two nights in May; that defendant has paid rent and gas, light, and water bills; that defendant does not give her any money for food for his two children; that she usually pays between $30 and $40 per week for food; that she pays all of her dental and clothing bills and most of the children's clothing bills; that she was receiving $20

per week for babysitting but would be receiving only $10 per week after September.

Defendant testified that he was a janitor and also held a parttime job at a nightclub; that his total net income was $260 per week; that he paid the rent and utility bills on the home; that he comes home for a night or a day; that he has not left his home; that he stays on his job; that he sleeps on a bench at his job and a lot of days he doesn't get any sleep because he gets off one job and goes to the other job; that he doesn't feel like going home to bed. He stated that he did not know the last time he stayed at home for any period of time. Defendant further testified that he was supporting his wife and children; that he is paying $100 per month on complainant's hospital bills; that he just got through paying a $1,600 dental bill for his daughter; that he could not afford to give complainant anything for food; and that complainant has two grown children living with her who are not paying rent.

At the conclusion of the hearing, the trial court entered an order that defendant pay weekly support of $40 commencing August 31, 1977, and set the matter for a progress report on September 28, 1977. The trial court informed defendant at this hearing that it was a "good idea" for him to retain a lawyer and to tell the lawyer that defendant's next court date was September 28.

Defendant retained counsel and filed a motion to vacate and to rehear on September 20, 1977, pursuant to section 68.3 of the Civil Practice Act (Ill. Rev. Stat. 1975, ch. 110, par. 68.3). Defendant's motion alleged that he has at all times supported and maintained his wife and two children and has receipts and cancelled checks to establish this claim, and that on August 24, 1977, he was not represented by counsel but has now retained counsel.

On October 4, 1977, in the absence of Judge Maher, a hearing was held on defendant's motion before the Honorable Francis P. Butler. The State stipulated that complainant had not been receiving public aid for the two children.

Defendant testified that he was a janitor at the Chicago Tribune and Club Misty and that he cleans up a beauty shop; that he worked six nights a week; that he married complainant in April 1962; and that he has been the sole means of support for his family. He described three monthly mortgage payments he had made, and his counsel indicated that he had several other checks for 1977. Upon inquiry by the judge, the State indicated that complainant alleged that defendant is not keeping up with his payments on clothing and food bills. Complainant then twice stated "I never said that he didn't pay the bills."

The Judge stated that he had no jurisdiction to vacate the August 24, 1977, order, since the judge that entered it was away at a judicial seminar

and was the only one who could vacate his own order. The judge orally entered a temporary order providing that defendant shall not be held in contempt for failure to comply with the August 24, 1977, order, as long as he continues to pay monthly mortgage payments, and continued the hearing on defendant's motion until October 18, 1977.

At the hearing October 18, 1977, defendant's counsel argued that section 1 of the Non-Support of Spouse and Children Act (Ill. Rev. Stat. 1975, ch. 68, par. 24) only applies where the spouse seeking support is a public aid recipient, and since complainant was not a public aid recipient, the State was proceeding under the wrong statute. Section 1 of the Non-Support of Spouse and Children Act (Ill. Rev. Stat. 1975, ch. 68, par. 24, now cited as Ill. Rev. Stat. 1977, ch. 40, par. 1101) provides as follows:

> "Every person who shall, without any lawful excuse, neglect or refuse to provide for the support or maintenance of his spouse, said spouse being in need of such support or maintenance, or any person who shall, without lawful excuse, desert or neglect or refuse to provide for the support or maintenance of his or her child or children under the age of 18 years, in need of such support or maintenance, shall be deemed guilty of a Class A misdemeanor and shall be liable under the provisions of the 'Public Aid Code of Illinois', approved April 11, 1967, to the Supervisor of General Assistance or to the Illinois Department of Public Aid, as the case may be, in a civil action, for the amount of general assistance or assistance provided to his spouse or children, or both his spouse and children."

The trial court interpreted section 1 to be an action that should be brought by the State in a situation where the complainant is actually on public assistance. The State agreed and moved to amend the complaint to section 1 of "An Act in relation to married men and women" (Ill. Rev. Stat. 1975, ch. 68, par. 22).

The trial court, after hearing arguments of counsel, withdrew the August 24, 1977, order, entered an order denying defendant's motion to rehear, and granted the State's motion to amend its complaint to section 1 of "An Act in relation to married men and women" (Ill. Rev. Stat. 1975, ch. 68, par. 22). The trial court then ordered the defendant to pay $40 per week as support. The record is unclear as to whether the trial court also ordered the order of October 4, 1977, to stand. At the hearing, the trial court twice stated that the October 4, 1977, order will stand. The statement "Order of October 4, 1977 to stand" appears in a typed order on the trial court clerk's form which is included in the record. The order containing the trial court's signature, if any, is not included in the record. The praecipe for record does not request that the October 18, 1977, order

be included in the record. The October 18, 1977, hearing concluded as follows:

"PROSECUTOR: Judge Butler order said —

THE COURT: — Butler said that the order of $40.00 a week —

DEFENSE COUNSEL: $40.00. It is $40.00.

THE COURT: It is suspended—

DEFENSE COUNSEL: You are absolutely correct.

THE COURT: —refers as long as he continues to pay the mortgage payment.

DEFENSE COUNSEL: Right. So you don't want that order to stand. You are restating your previous order. It is only a temporary order until today's hearing, wasn't it?

THE COURT: Counsel, wasn't that the purpose—

DEFENSE COUNSEL: That is absolutely correct, Judge.

THE COURT: Well, all right. Now that time is up, so the purpose of that temporary order is now no longer—

DEFENSE COUNSEL: So you will once again enter an order—

THE COURT: Just $40.00 a week. I didn't go into the mortgage with him at all.

DEFENSE COUNSEL: Now, are you telling me, Judge, that he is paying for the payment that would constitute the $40.00 per month?

THE COURT: All I'm telling you is Judge Butler had $40.00 a week for support of the children. That is all that the State is asking for.

DEFENSE COUNSEL: Thank you very much, Judge. Have a good day."

The transcript of the October 18, 1977, hearing indicates that the trial court considered defense counsel's statements that defendant paid monthly mortgage payments from January 1977 through October 1977 and that defendant had paid certain medical and dental bills. The trial court also considered defense counsel's statements that defendant was earning approximately $1,000 to $1,300 per month and that he had been paying approximately $600 or $700 per month.

Defendant appeals from the entry of the August 24, 1977, support order and the denial of his motion to rehear.

In this court, defendant filed a motion to reverse the judgment of the trial court. His motion alleges that the State confessed error in its brief by therein arguing that the October 18, 1977, order allowing the amendment was void because: (1) the amendment was made more than 30 days after the August 24, 1977, judgment (see Ill. Rev. Stat. 1975, ch. 110, par. 68.3); and (2) the Illinois Marriage and Dissolution of Marriage Act (Pub. Act

80-923, section 901, effective October 1, 1977) had repealed section 1 of "An Act in relation to married men and women" (Ill. Rev. Stat. 1975, ch. 68, par. 22). In its objections to the motion, the State responds: (1) that on October 18, 1977, the trial court lacked subject matter jurisdiction to allow an amendment to a pleading pursuant to which its August 24, 1977, order was entered; and (2) that the amended complaint of October 18, 1977, was void and the August 24, 1977, order remained in effect.

The defendant also filed a petition for attorney's fees, attached to the motion as an exhibit. He therein alleges that he is a man of limited resources who has been paying the complainant pursuant to the void October 18, 1977, support order. He further alleges that the unpaid balance of his legal fees would not have been incurred if the State had not erroneously brought the action, amended their complaint, and forced counsel to prosecute this appeal.

We took the defendant's motion and petition with the case. We note that the State's brief does not contain argument regarding the effect of the repeal of section 1 of "An Act in relation to married men and women" (Ill. Rev. Stat. 1975, ch. 68, par. 22). During the oral argument concerning this cause, we granted leave to file supplemental briefs concerning this issue. The State and defendant have complied.

■■■ The first issue we must consider is whether the trial court order of October 18, 1977, is void. The order was entered after the court found the defendant guilty of violation of section 1 of "An Act in relation to married men and women" (Ill. Rev. Stat. 1975, ch. 68, par. 22). That statute was repealed by Public Act 80-923, effective October 1, 1977. Therefore, the trial court lacked subject matter jurisdiction over the action. "It is axiomatic that a court without jurisdiction to proceed in the action lacks power to enter orders incident to that action. [Citations.]" (*Galvin v. Galvin* (1978), 72 Ill. 2d 113, 119, 378 N.E.2d 510.) Thus, the October 18 order is void.

The next issue to be considered is whether the complaint could properly be amended on October 18, 1977. The original complaint was filed on July 7, 1977, charging the defendant with section 1 of the Non-Support of Spouse and Children Act (Ill. Rev. Stat. 1975, ch. 68, par. 24). After a hearing on August 24, 1977, the court entered an order requiring the defendant to pay $40 a week as support to his wife. The defendant considers this order to be a final one, but we find it to be a temporary order entered under the provision of section 3 of the Non-Support of Spouse and Children Act (Ill. Rev. Stat. 1977, ch. 40, par. 1106) pending such time as the defendant reappears before the court with legal representation. Because the order was a temporary one, the amendment of the complaint on its face was proper. (Ill. Rev. Stat. 1977, ch. 110, par. 46.) Even if the order was a final one, the court withdrew that order on

October 18, 1977, prior to allowing the State to amend the complaint so that the amendment would still be proper. In either event the complaint was amended on its face to a repealed statute, and as a result the amendment was a nullity.

■ In view of the above we must consider whether section 1 of the Non-Support of Spouse and Children Act (Ill. Rev. Stat. 1977, ch. 40, par. 1101, previously Ill. Rev. Stat. 1975, ch. 68, par. 24) is applicable to defendant when his spouse and children are not receiving public aid. Defendant contends that this statute was repealed by Public Act 80-923. A reading of that Act indicates that it repealed "An Act in relation to married men and women," approved 1877, as amended. Chapter 68, section 24 is not a section of that Act, but is a section of the Non-Support of Spouse & Children Act, which is still in effect, unrepealed.

Defendant next contends that the statute does not apply in this case because his spouse and children are not on public aid. He contends that section 1 of the Non-Support of Spouse and Children Act is solely applicable when the person accused may be liable to the Department of Public Aid. It is undisputed that neither complainant nor the two minor children were public aid recipients. The State asserts that the nonsupport act does not require that the offender's wife and/or children be receiving State funds in order for him to be subject to prosecution. Our research has not disclosed any case which has held that a complainant must be a public aid recipient to pursue an action, through the State's Attorney, under section 1 of the Act.

In *People ex rel. Doss v. Doss* (1st Dist. 1975), 35 Ill. App. 3d 365, 342 N.E.2d 60, the defendant was convicted under section 1 of the Act and his wife later became a public aid recipient. In *Rosenbaum v. Rosenbaum* (1st Dist. 1976), 38 Ill. App. 3d 1, 10, 349 N.E.2d 73, we stated that a wife need not be destitute before she could file a nonsupport charge against her husband.

A review of the Act (Ill. Rev. Stat. 1977, ch. 40, par. 1101 *et seq.*) indicates that the intent of the legislature was not to limit its remedy to public aid recipients. Section 4 of the Act (Ill. Rev. Stat. 1977, ch. 40, par. 1107) provides that the court, as an alternative, or in addition to the penalty provided in the Act (Class A misdemeanor), may order support payments for a period of three years to be paid to the spouse or, if the support of a minor child or children is involved, to the clerk, probation officer, the Court Service Division of the County Department of Public Aid in counties of 3 million or more population or to the Illinois Department of Public Aid or a local governmental unit if a recipient of public aid is involved in accordance with section 2.1. The provisions of section 2.1 (Ill. Rev. Stat. 1977, ch. 40, par. 1105), relate to support payments which are in behalf of public aid recipients.

■ In view of the foregoing, we conclude that a complainant under section 1 of the Non-Support of Spouse and Children Act (Ill. Rev. Stat. 1977, ch. 40, par. 1101) need not be a public aid recipient to pursue the action through the State's Attorney. The complaint in the instant case was not defective because neither complainant nor her children were public aid recipients. We find that the trial court erred in its interpretation of section 1 of the Act.

Defendant next contends that the trial court's finding of nonsupport was against the manifest weight of the evidence. Since the order of August 24 was withdrawn and we have decided that the order of October 18 is void, there is no need to consider this contention.

■ Defendant's final contention is that the State's confession of error entitles him to attorney's fees. In its brief the State concedes that the amendment to the complaint and the order of October 18 were void. Since defense counsel promulgated the incorrect interpretation of section 1 of the Non-Support of Spouse and Children Act, which was accepted by the trial court and contributed to the entering of the void order of October 18, this relief is denied.

■ Given our findings and the state of the record, the case must be remanded for a hearing. Since violation of section 1 of the Non-Support of Spouse and Children Act is a Class A misdemeanor and the defendant may be given a prison sentence if found guilty, he is entitled to all the rights which attach to a criminal proceeding, such as the right to a jury trial and the right to counsel. Therefore, defendant should be informed of his rights and be given the opportunity to be tried by a jury and represented by counsel. See *Argersinger v. Hamlin* (1972), 407 U.S. 25, 32 L. Ed. 2d 530, 92 S. Ct. 2006; *People v. Dunn* (4th Dist. 1976), 43 Ill. App. 3d 94, 356 N.E.2d 1137; *People ex rel. Moore v. Coleman* (1st Dist. 1973), 12 Ill. App. 3d 248, 298 N.E.2d 255.

Accordingly, the order of October 18, 1977, finding defendant guilty of nonsupport under section 1 of "An Act in relation to married men and women" (Ill. Rev. Stat. 1975, ch. 68, par. 22) is reversed, and the cause is remanded for proceedings not inconsistent with this opinion. Defendant's petition for attorney's fees previously taken with the case is denied.

Reversed in part and remanded with directions.

STAMOS, P. J., and PERLIN, J., concur.