329 S.E.2d 62

**STATE of West Virginia**

v.

**Angela FERRELL.**

**No. 16284.**

Supreme Court of Appeals of
West Virginia.

Jan. 23, 1985.

Decided April 11, 1985.

Charles M. Kincaid, Huntington, for appellant.

George P. Stanton, Asst. Atty. Gen., Charleston, for appellee.

NEELY, Chief Justice:

This is an appeal by Angela Ferrell from a misdemeanor battery conviction under *W.Va.Code* 61-2-9(c) [1978] in the Circuit Court of Cabell County. On 13 September 1983 the appellant was sentenced to six months in jail and fined $100; she was then granted bail pending appeal. Miss Ferrell asserts here that the circuit court erred in refusing her request to depose an out-of-state witness. We affirm the circuit court.

On the evening of 21 December 1982, two emergency medical technicians, Brett Payne and Jeff Kingery, were dispatched to the home of the appellant, Angela Ferrell, in response to a call that the appellant was suffering from chest pains and shortness of breath. Shortly after the medical technicians arrived at appellant's home, Technician Brett Payne took appellant's pulse and respiration, both of which, in his judgment, were normal for someone of her age. Mr. Payne explained to appellant that medicine could be prescribed only at a hospital and offered to transport her there.

When appellant refused to be driven to the hospital, Mr. Payne told her that she would have to sign a release form stating that she did not want to go to the hospital. This is standard procedure, the purpose of which is to protect emergency medical technicians from liability for failing to treat patients who refuse treatment.

At this point appellant became agitated and protested that she would not sign any "f-king release form." Technician Jeff Kingery testified that while Technician Payne was going out the door to get a release form from their ambulance, the appellant hopped off the couch and rammed her right shoulder into him. He then managed to pin her down on the couch until she appeared to have calmed down. When Mr. Payne stepped aside, she again assaulted him and kicked him in the groin. This time he pinned her to the floor. Appellant stated that Technician Kingery had verbally abused her, grabbed her arms, pushed her backward and shoved her to the floor.

On 13 May 1983 appellant, by counsel, moved the Circuit Court of Cabell County to order the taking of a deposition of Margaret Jones, appellant's former roommate, who had since moved to Ocala, Florida. The circuit court denied that motion and denied the same motion once again on 13 September 1983, the opening day of trial. These denials form the basis of the present appeal.

Rule 15(c) of *W.Va.R.Crim.P.* permits a defendant to take a deposition at state expense, under "exceptional circumstances" as stated in subsection (a) of that rule. Other courts, operating under similar rules, have defined "exceptional circumstances" very narrowly. In *United States v. Rich*, 580 F.2d 929, *cert. denied*, 439 U.S. 935, 99 S.Ct. 330, 58 L.Ed.2d 331 (1978) the ninth circuit strictly limited "exceptional circumstances" to criminal cases where the defendant's witness is unable to attend trial and stated that "the rule contemplates a party taking the deposition of only his own witness, a requirement that comports with the purpose of preserving testimony." 580 F.2d at 934. [Footnote omitted]

The cases cited by the appellant do not support her claim for relief due to "exceptional circumstances." These cases illustrate that the "exceptional circumstances" test is met only when the prospec-

tive witness is abroad and hence practically "unable" to attend trial. *United States v. Tamura,* 694 F.2d 591 (9th Cir.1982) (witness in Canada); *United States v. Sun Myung Moon,* 93 F.R.D. 558 (1982) (witness in Japan); or when the witnesses are ill to the point of incapacitation. *United States v. LaFatch,* 382 F.Supp. 630 (1974); *United States v. Hagedorn,* 253 F.Supp. 969 (1966); or when the whereabouts of the witnesses is unknown, *United States v. Egorov,* 34 F.R.D. 130 (1963) (witnesses are foreign nationals of unknown location). The circumstances in the present case seem trivial and mundane in comparison. The fact that Margaret Jones lived in Florida did not constitute an "exceptional circumstance" that would justify taking the court to her rather than bringing her to the court. Even though we find that we would interpret our *W.Va.R.Crim.P.* 15(c) more liberally than its federal counterpart, nonetheless, in this case there was no showing whatsoever that Miss Jones was "unable" to attend trial.

■ The appellant's brief neglects to mention *W.Va.Code* 62–3–1 [1981]. This statute provides, *inter alia,* that any person in this state accused of a felony or misdemeanor may submit an affidavit requesting the court or judge assigned to his case to order the deposition of an out-of-state witness whose testimony "is necessary and material to the defense of the accused on his trial." Upon notice to the prosecuting attorney of the time and place of the taking of this deposition, the court or judge may authorize out-of-state counsel to be employed to cross-examine the witness for the state. *W.Va.Code* 62–3–1 [1981], however, does not require the payment of the defendant's deposition expenses. Furthermore, where those who cannot afford counsel are concerned, this statute is keyed to *W.Va.Code* 29–21–1 *et seq.* [1981] which, in turn, limits the amount of state funds available to court appointed counsel for counsel fees and expenses in the preparation of criminal trials for indigents.

■ Although *W.Va.Code* 62–3–1 [1981] is more liberal than *W.Va.R.Crim.P.*

15(c), the former must be construed *in pari materia* with the latter. The difference between the statute and the rule is that the rule permits the state to pay the defendant's deposition expenses only under "exceptional circumstances" under subsection (a) of that rule. Ultimately, however, under both *W.Va.Code* 62–3–1 [1981] and *W.Va.R.Crim.P.* 15(c), the decision to take an out-of-state deposition rests with the sound discretion of the trial judge and will presumably be ordered only in those circumstances that are "exceptional." In the case before us, however, no one attempted to proceed under the statute rather than the rule; defendant made no attempt to comply with procedural terms of *W.Va. Code* 62–3–1 [1981] by preparing a proper affidavit and setting forth the purpose of the testimony to be preserved.

■ *W.Va.Code* 62–6A–3 [1937] provides that out-of-state witnesses can be subpoenaed in their states for criminal trials in West Virginia. In this case there is no evidence that the appellant made any attempts to subpoena Margaret Jones nor did the appellant demonstrate that she was unable to procure her attendance by subpoena. On the contrary, only on the day of appellant's trial did counsel move for a continuance to gain time to bring Margaret Jones to West Virginia. He claimed that appellant had been in contact with her. Certainly the circuit court was correct in denying such an untimely motion since it was obvious that Margaret Jones was not "unable" to appear as a witness in the Circuit Court of Cabell County.

The circuit court's ruling was correct because appellant made no showing of "exceptional circumstance," even as that term might be liberally construed, that would necessitate the taking of a deposition in the course of a criminal proceeding under *W.Va.R.Crim.P.* 15(c) and made no motion under *W.Va.Code* 62–3–1 [1981]. Accordingly, the judgment of the Circuit Court of Cabell County is affirmed.

Affirmed.