382 S.E.2d 581

**STATE of West Virginia ex rel. Thomas D. HAGG**

v.

**The Honorable George L. SPILLERS, Judge of the Circuit Court of Hancock County, Donald Lee Tustin, Glenn Russell Kidd.**

**No. 19057.**

Supreme Court of Appeals of West Virginia.

July 14, 1989.

---

James W. Davis, Jr., Asst. Pros. Atty., Weirton, for Hagg.

Arthur J. Recht, Volk, Frankovitch Anetakis, Recht, Robertson & Hellerstedt, Wheeling, for Kidd.

F. William Brogan, Jr., Robertson & Brogan, Weirton, for Tustin.

MILLER, Justice:

In this original proceeding in prohibition, the relator, Thomas D. Hagg, the prosecuting attorney of Hancock County, seeks to prohibit the Honorable George L. Spillers from executing orders sentencing the two respondents, Donald Lee Tustin and Glenn Russell Kidd, for third-offense driving under the influence of alcohol under W.Va. Code, 17C–5–2(i) (1983).

The essence of the relator's claim is that the judge is acting beyond his jurisdiction in sentencing each of the defendants to one-to-three years in the penitentiary and then placing the defendants on probation.

The respondents argue that the court's sentences were correct in light of our earlier decisions of *State v. Franklin*, 174 W.Va. 469, 327 S.E.2d 449 (1985), and *State ex rel. Simpkins v. Harvey*, 172 W.Va. 312, 305 S.E.2d 268 (1983), and they rely on this language from *Simpkins*, 172 W.Va. at 320, 305 S.E.2d at 276:

"[W]e hold that suspension of sentence and release on probation is an authorized sentencing alternative for a violation of W.Va.Code § 17C–5–2, provided that the statutory conditions attendant to probationary release are met, *see* W.Va.Code § 62–12–9, and that probation is imposed concomitantly with community service, work release, or weekend or part-time confinement. Any other interpretation of the language used by the Legislature would render meaningless the sentencing alternatives expressly authorized by W.Va.Code § 17C–5–2 and frustrate the rehabilitative purpose of our penal system." (Footnotes omitted).[1]

In *Simpkins*, we dealt with the 1981 version of W.Va.Code, 17C–5–2, in connection with the felony offense of driving under the influence of alcohol and causing the death of another person. W.Va.Code, 17C–5–2(a) (1981). Under the punishment provisions of W.Va.Code, 17C–5–2($l$), the legislature provided that such sentences were mandatory. This section did, however, create an exception "that the court may provide community service, or work release alternatives, or weekends or part-time confinements."[2]

In view of the language contained in this exception, we reasoned in *Simpkins* that such alternatives were consistent with general probation alternatives and must be given some meaning. This led us to the conclusion that a judge was authorized to

---

**1.** *Franklin* involved the same statute as *Simpkins,* i.e., W.Va.Code, 17C–5–2 (1981), and relied upon the foregoing quote from *Simpkins.*

**2.** The full text of W.Va.Code, 17C–5–2($l$) (1981), is:

"The sentences provided herein upon conviction of a violation of this article are mandatory and shall not be subject to suspension or probation, except that the court may provide for community service, or work release alternatives, or weekends or part-time confinements."

grant probation if he considered the defendant eligible therefor.

Following our decision in *Simpkins,* the legislature in 1983 amended W.Va.Code, 17C–5–2(*l* ), and, in lieu thereof, placed this language in W.Va.Code, 17C–5–2(m) (1983):

"The sentences provided herein upon conviction for a violation of this article are mandatory and shall not be subject to suspension or probation: *Provided,* That the court may apply the provisions of article eleven-a, chapter sixty-two of this code to a person sentenced or committed to a term of one year or less."

It is apparent by this amendment that the legislature has altered the result in *Simpkins* by providing that where a violation involves a sentence or commitment of more than one year, such sentence is not subject to probation. This result is also indicated by the proviso, which contains a specific reference to W.Va.Code, 62–11A–1, *et seq.* This chapter relates only to work release or other sentencing alternatives for those sentenced to jail, as distinguished from those sentenced to the penitentiary.

Thus, it seems clear that the 1983 amendment contained in W.Va.Code, 17C–5–2(m), has altered *Simpkins* by prohibiting probation, but under this section a court may order release for work or other purposes pursuant to W.Va.Code, 62–11A–1, *et seq.,* if the authorized sentence is for one year or less. In view of this plain legislative command contained in W.Va.Code, 17C–5–2(m) (1983), we hold that when an individual is convicted of third-offense driving under the influence of alcohol, the term of imprisonment set out in W.Va.Code, 17C–5–2(i) of confinement in the "penitentiary for not less than one nor more than three years" is mandatory and is not subject to probation.

The judge's sentencing orders authorizing probation exceeded his lawful jurisdiction. We spoke to this same question of jurisdiction in *State ex rel. Winter v. MacQueen,* 161 W.Va. 30, 239 S.E.2d 660 (1977). There we held that W.Va.Code, 62–12–2, which foreclosed eligibility for probation if the defendant had within the preceding five years been convicted of a felony,

precluded the judge from granting probation. We stated in Syllabus Point 2: "Prohibition will lie to prohibit a judge from exceeding his legitimate powers." *See also State ex rel. Ayers v. Cline,* 176 W.Va. 123, 342 S.E.2d 89 (1985); *State ex rel. Hamstead v. Dostert,* 173 W.Va. 133, 313 S.E.2d 409 (1984); *State ex rel. Arnold v. Egnor,* 166 W.Va. 411, 275 S.E.2d 15 (1981).

For the reasons stated herein, a writ is awarded prohibiting the respondent judge from placing the defendants on probation.

Writ awarded.