400 S.E.2d 259

**STATE of West Virginia ex rel. William D. MOOMAU**

**v.**

**Honorable John M. HAMILTON, Judge of the Circuit Court of Hardy County, and Delmas W. Ours.**

No. 19671.

Supreme Court of Appeals of West Virginia.

Dec. 6, 1990.

William D. Moomau, Hardy County Pros. Atty., Moorefield, for William D. Moomau.

John M. Hamilton, Judge, Circuit Court, Moorefield, pro se.

William H. Bean, Moorefield, for Delmas W. Ours.

PER CURIAM:

This case comes on a petition by the State of West Virginia (State) for writs of mandamus and prohibition. The State asks us to compel the respondent, the Honorable John M. Hamilton, to sentence the respondent Delmas W. Ours to the penitentiary for one to three years on his conviction of driving under the influence (DUI), third offense. The State further requests that we prohibit Judge Hamilton from any consideration of alternative sentencing for Mr. Ours.

On February 22, 1990, Mr. Ours pleaded guilty in the Circuit Court of Hardy County to DUI, third offense, a violation of W.Va. Code, 17C–5–2 (1986). No plea agreement was involved. Sentencing took place on April 4, 1990, at which time Mr. Ours was sentenced to one to three years in the penitentiary. Mr. Ours' motion for probation was denied, but his motion for alternative incarceration under the Home Detention Act, W.Va.Code, 62–11B–1, *et seq.* (1990), was taken under consideration by Judge Hamilton.

During the pendency of the motion, Judge Hamilton ordered Mr. Ours held in the county jail, subject to work release. On May 4, 1990, the State brought a motion for sentencing before the circuit court. Judge Hamilton found that DUI, third offense, is subject to alternative sentencing [1] and continued the case further to consider whether it should apply in this case. Judge Hamilton placed Mr. Ours on electronic

---

1. Although the circuit court, in its order, found that the offense is subject to alternative *sentencing,* counsel for Mr. Ours concedes that the alternative sentences available under W.Va. Code, 62–11A–1a (1988), are not available to persons convicted of DUI, third offense. He argues instead for alternative *incarceration* under the Home Detention Act, W.Va.Code, 62–11B–1, *et seq.* (1990).

house arrest, with work release, until he resolved the issue. No determination of the question has yet been made by the circuit court.

We hold that persons convicted of DUI, third offense, are not eligible for alternative incarceration under the Home Detention Act. In addition, we find that the provision of opportunity for work release to Mr. Ours was improper.

■ The Home Detention Act, W.Va. Code, 62–11B–1, *et seq.*, was passed in 1990. It provides an alternative method of incarceration for offenders who are otherwise subject to imprisonment in county jails or in the penitentiary. W.Va.Code, 62–11B–3(3). It is to be applied at the discretion of the trial court, but does not supersede existing sentencing laws. W.Va. Code, 62–11B–11.[2]

The sentence to be imposed for DUI, third offense, is prescribed by W.Va.Code, 17C–5–2(i) (1986). It is imprisonment *"in the penitentiary* for not less than one nor more than three years." (Emphasis added). Furthermore, W.Va.Code, 17C–5–2(m), provides that the sentences "provided herein ... are mandatory and shall not be subject to suspension or probation."[3] In *State ex rel. Hagg v. Spillers*, 181 W.Va. 387, 382 S.E.2d 581 (1989), we had the question of whether a judge could give probation on a third offense DUI conviction, and we stated in Syllabus Point 2:

"When an individual is convicted of third-offense driving under the influence of alcohol, the term of imprisonment set out in W.Va.Code, 17C–5–2(i) of confinement in the penitentiary for not less than one nor more than three years is mandatory and is not subject to probation."

Mr. Ours argues that *Hagg* does not apply here because that case dealt with probation, whereas Mr. Ours is seeking simply alternative incarceration. When the Home Detention Act is analyzed, it bears a close analogy to probation. Home detention is available for both probation and "as an alternative sentence to another form of incarceration." W.Va.Code, 62–11B–4(a). In either case, the offender is under the supervision of a probation officer. W.Va. Code, 62–11B–5(3) and –5(5). Under W.Va. Code, 62–11B–5(8), there is the requirement "that the offender abide by other conditions of *probation* set by the court." (Emphasis added).

The Home Detention Act provides a variety of exceptions which enable the offender to be away from actual home confinement. W.Va.Code, 62–11B–5(1).[4] These exceptions are so broad that a person sentenced under this Act enjoys virtually the same freedom as a probationer.

Finally, we note an obvious incongruity if we permitted the Act to be used for third offense DUI. One of the exceptions,

---

**2.** W.Va.Code, 62–11B–11, provides:

"The provisions of this article are not to be considered exclusive nor do they supersede existing statutes relating to the detention of adult or juvenile offenders. The provisions of this article may be applied at the discretion of the trial court as an alternate means of detention."

**3.** There is a proviso in W.Va.Code, 17C–5–2(m), which permits a court to utilize the work release provisions of W.Va.Code, 62–11A–1, *et seq.*, if the person is sentenced to a term of one year or less. As pointed out in the text, third offense DUI carries a penalty of one to three years, so this option is not available.

**4.** W.Va.Code, 62–11B–5(1), provides:

"An order for home detention of an offender under section four [§ 62–11B–4] of this article shall include, but not be limited to, the following:

"(1) A requirement that the offender be confined to the offender's home at all times except when the offender is:

"(A) Working at employment approved by the court or traveling to or from approved employment;

"(B) Unemployed and seeking employment approved for the offender by the court;

"(C) Undergoing medical, psychiatric, mental health treatment, counseling or other treatment programs approved for the offender by the court;

"(D) Attending an educational institution or a program approved for the offender by the court;

"(E) Attending a regularly scheduled religious service at a place of worship;

"(F) Participating in a community work release or community service program approved for the offender by the court; or

"(G) Engaging in other activities specifically approved for the offender by the court."

W.Va.Code, 62–11B–5(1)(F), allows participation in a "community work release or community service program." Such an option, as we have previously pointed out, is not available upon a conviction for third offense DUI.

The other aspect of Judge Hamilton's order was the grant of work release to Mr. Ours. This was also beyond the scope of his discretion. Work release is available only to persons sentenced on a DUI conviction for one year or less, W.Va. Code, 17C–5–2(m), but here the sentence was from one to three years. As we explained in Syllabus Point 1 of *Hagg:*

"The 1983 amendment contained in W.Va.Code, 17C–5–2(m), has altered *State ex rel. Simpkins v. Harvey,* 172 W.Va. 312, 305 S.E.2d 268 (1983), by prohibiting probation, but under this section a court may order release for work or other purposes pursuant to W.Va.Code, 62–11A–1, *et seq.,* if the authorized sentence is for one year or less."

We, therefore, conclude that the judge's order exceeded his lawful powers, and we apply our traditional prohibition law set out in Syllabus Point 4 of *State ex rel. Ayers v. Cline,* 176 W.Va. 123, 342 S.E.2d 89 (1985):

" 'A writ of prohibition shall lie as a matter of right in all cases of usurpation and abuse of power, when the inferior court has not jurisdiction of the subject matter in controversy, or, having such jurisdiction exceeds its legitimate powers.' Syl. pt. 1, *State ex rel. UMWA International Union v. Maynard,* 176 W.Va. 131, 342 S.E.2d 96 (1985)."

For the reasons herein, a writ is awarded prohibiting the respondent judge from placing the defendant in home detention or on work release.

Writ awarded.

**MILLER, Justice, dissenting:**

I must respectfully disagree with the majority's view that the Home Detention Act (Act), W.Va.Code, 62–11B–1, *et seq.,* can never be used for third-offense driving under the influence (DUI) convictions. As the author of *State ex rel. Hagg v. Spillers,* 181 W.Va. 387, 382 S.E.2d 581 (1989), I am aware of how stringently we have construed the third-offense DUI sentencing statute and, particularly, W.Va.Code, 17C–5–2(m), which makes the sentence mandatory and "not subject to suspension or probation." This is the legislative command.

However, in 1990, when the legislature enacted the Act, it stated that the Act was available "[a]s a condition of probation *or* as an alternative sentence to another form of incarceration." W.Va.Code, 62–11B–4(a). (Emphasis added). It is for this reason that the term "probation" is used in some places in the Act. The majority has seized on these references to conclude that the Act is essentially analogous to probation, and, therefore, not available under W.Va.Code, 17C–5–2(m), for third-offense DUI.

To my mind, a more common sense reading of the Act would be to recognize that it applies to two different situations. Where a judge wishes to utilize it as "another form of incarceration," as permitted by W.Va.Code, 62–11B–4(a), then he may do so. The Act permits the court to make "[t]he period of home detention ... continuous or intermittent." W.Va.Code, 62–11B–4(b). Thus, the various options set out in note 4 of the majority opinion, 184 W.Va. at 253, 400 S.E.2d at 261, need not be made available. When this is done, there is a distinct difference between probation and the alternative sentencing provisions of the Act.

This distinction is even recognized in the Act itself. W.Va.Code, 62–11B–9(b), provides that if a prisoner violates the terms of home confinement, then a sentence may be imposed as could have been given at the initial disposition hearing. It contains this express proviso: "[T]he participant shall receive credit towards any sentence imposed after a finding of violation for the time spent in home confinement." Were this purely a probation statute, there would be no need to give credit for time spent on probation. *See Jett v. Leverette,* 162 W.Va. 140, 247 S.E.2d 469 (1978).

It is also important to remember that it is within the trial judge's discretion to utilize the Act. Moreover, the legislature made it plain that the sentencing alternatives of the Act applied to any felony. W.Va.Code, 62–11B–3(3). The only exception is where there is an outstanding detainer from another jurisdiction. W.Va. Code, 62–11B–6(b). In view of the broad scope of the Act and the fact that it was passed in 1990, well after the enactment of W.Va.Code, 17C–5–2(m) (1983), it is difficult for me to believe that it cannot be applied to this felony.

I am authorized to state that Justice McHugh joins me in this dissent.