411 S.E.2d 450

STATE of West Virginia ex rel. O.C. SPAULDING, Prosecuting Attorney for Putnam County, Petitioner,

v.

Honorable Clarence L. WATT, Judge of the Circuit Court of Putnam County, and Michael B. Pauley, Respondents.

No. 20384.

Supreme Court of Appeals of West Virginia.

Submitted Oct. 2, 1991.

Decided Oct. 17, 1991.

O.C. Spaulding, Pros. Atty. of Putnam County, Winfield, for petitioner.

H.F. Salsbery, Jr., Monty L. Preiser, Preiser Law Offices, Charleston, for respondents.

MILLER, Chief Justice:

In this original proceeding in prohibition, the relator, the Prosecuting Attorney of Putnam County, seeks to prevent the respondent judge from requiring a potential witness for the State in a criminal prosecution to give a deposition to the defense. We find that the court exceeded its legitimate powers in ordering the deposition, and we grant the writ of prohibition prayed for.

The defendant below, Michael B. Pauley, was indicted in the Circuit Court of Putnam County on a charge of first-degree murder in connection with the August 29, 1990 death of James C. Lewis. The defendant had previously dated the decedent's granddaughter, Angela Lewis.

On January 17, 1991, the defendant filed a motion to compel Ms. Lewis to give a deposition to the defense. The motion stated that Ms. Lewis had refused to speak to defense counsel or his private investigator and had failed to appear at the preliminary hearing. The defense asserted that Ms. Lewis would be similarly "unavailable" for trial and sought a deposition for discovery purposes, apparently on the ground that the State had failed to obtain a detailed statement from her concerning her relationship with the defendant.

After a hearing, the circuit court, by order dated July 15, 1991, granted the motion. The prosecuting attorney subsequently instituted these proceedings to prevent enforcement of the circuit court's order.

■ Rule 15 of the West Virginia Rules of Criminal Procedure permits a deposition to be compelled in a criminal case only under very limited conditions, i.e., where, due to exceptional circumstances, the depo-

sition is necessary, in the interest of justice, to preserve the deponent's testimony for use at trial.[1] Our rule is patterned after Rule 15 of the Federal Rules of Criminal Procedure. There is virtual unanimity in federal cases that Rule 15 authorizes a court to order a deposition only when the witness is unavailable for trial and the deposition is needed to preserve the testimony for trial. *E.g., United States v. Acevedo-Ramos*, 842 F.2d 5 (1st Cir.1988); *United States v. Ismaili*, 828 F.2d 153 (3d Cir. 1987), *cert. denied*, 485 U.S. 935, 108 S.Ct. 1110, 99 L.Ed.2d 271 (1988); *United States v. Rivera*, 859 F.2d 1204 (4th Cir.1988), *cert. denied*, 490 U.S. 1020, 109 S.Ct. 1743, 104 L.Ed.2d 180 (1989); *United States v. Kehm*, 799 F.2d 354 (7th Cir.1986); *United States v. Sines*, 761 F.2d 1434 (9th Cir. 1985); *United States v. Alvarez*, 837 F.2d 1024 (11th Cir.), *cert. denied*, 486 U.S. 1026, 108 S.Ct. 2003, 100 L.Ed.2d 234 (1988).

In *State v. Ferrell*, 174 W.Va. 697, 699, 329 S.E.2d 62, 64 (1985), we quoted from *United States v. Rich*, 580 F.2d 929, 934 (9th Cir.), *cert. denied*, 439 U.S. 935, 99 S.Ct. 330, 58 L.Ed.2d 331 (1978), where the court held that the exceptional circumstances which justify a court-ordered deposition were limited to criminal cases where the witness is unable to attend trial and stated that " 'the rule contemplates a party taking the deposition of only his own witness, a requirement that comports with the purpose of preserving testimony.' " We have made similar statements about Rule 15 in other cases. *E.g., State v. Judy*, 179 W.Va. 734, 739, 372 S.E.2d 796, 801 (1988) ("Rule 15 ... is not designed as a discovery rule[.]"); *State v. Lassiter*, 177 W.Va. 499, 507, 354 S.E.2d 595, 603 (1987) ("Rule 15 allows depositions to be taken ... in order to *preserve testimony for use at trial.*" (Emphasis in original)).

We note that Rule 804(b)(1) of the West Virginia Rules of Evidence specifically provides that a deposition is not excluded from evidence by the hearsay rule where there has been the right to develop the testimony by direct, cross, or redirect examination.

---

1. The relevant portion of Rule 15 is:

"(a) ... Whenever due to exceptional circumstances of the case it is in the interest of justice that the testimony of a prospective witness of a party be taken and preserved for use at trial, the court may upon motion of such party and notice to the parties order that testimony of such witness be taken by deposition[.]"

■ In *Ferrell*, we also recognized that Rule 15 must be considered in the light of W.Va.Code, 62–3–1 (1981).[2] The purpose of this provision, which lists some of the reasons for a court-ordered deposition, such as where a witness is aged or infirm or absent from the state, is to preserve testimony which the court has found to be "necessary and material" at trial.[3]

■ In this case, the circuit court did not elaborate upon its reasons for ordering Ms. Lewis to submit to the defense deposition. There is, however, no showing that Ms. Lewis will be unavailable for trial. The fact that she was unwilling to talk to the defendant's attorney or investigator is not, alone, sufficient to authorize a court-ordered deposition under Rule 15 and W.Va. Code, 62–3–1. Moreover, it appears that the State had turned over to the defendant's attorney two written statements it had obtained from Ms. Lewis and that she had been interviewed by a private psychiatrist retained by the defendant. In light of these facts, we find no justification for the circuit court's order compelling Ms. Lewis to submit to the deposition.

■ The rule in prohibition proceedings was most recently stated in Syllabus Point 3 of *State ex rel. Moomau v. Hamilton*, 184 W.Va. 251, 400 S.E.2d 259 (1990):

"' "A writ of prohibition shall lie as a matter of right in all cases of usurpation and abuse of power, when the inferior court has not jurisdiction of the subject matter in controversy, or, having such jurisdiction exceeds its legitimate pow-

ers." Syl. pt. 1, *State ex rel. UMWA International Union v. Maynard*, 176 W.Va. 131, 342 S.E.2d 96 (1985).' Syllabus Point 4, *State ex rel. Ayers v. Cline*, 176 W.Va. 123, 342 S.E.2d 89 (1985)."

We conclude that the circuit court here exceeded its legitimate authority in ordering Ms. Lewis to be deposed in this case.

For the reasons stated above, the writ of prohibition prayed for is granted.

Writ granted.

---

2. In Syllabus Point 3 of *Ferrell*, we stated: "*W.Va.Code* 62–3–1 [1981] must be read *in pari materia* with *W.Va.R.Crim.P.* 15, but the ultimate decision to order the taking of an out-of-state deposition at public expense rests in the sound discretion of the trial judge."

3. The relevant portion of W.Va.Code, 62–3–1, states:

"If any witness for the accused be a nonresident of the State, or absent therefrom in any service or employment, so that service of a subpoena cannot be had upon him in this State, or is aged or infirm so that he cannot attend upon the court at the trial, the accused may present to the court in which the case is pending, or to the judge thereof in vacation, an affidavit showing such facts, and stating therein what he expects to prove by any such witness, his name, residence, or place of service or employment; and if such court or judge be of the opinion that the evidence of

any such witness, as stated in such affidavit, is necessary and material to the defense of the accused on his trial, an order may be made by such court or judge for the taking of the deposition of any such witness[.]"

This section authorizes court-ordered depositions of defense witnesses only. A similar situation existed in Rule 15 of the Federal Rules of Criminal Procedure until 1975 when it was changed to permit a deposition of a Government witness. The 1975 Committee Note to Rule 15 suggests that the original refusal to permit the Government the right to compel a deposition might have been based on concern over the Sixth Amendment right of confrontation and notes that such doubts seem to have been resolved by *California v. Green*, 399 U.S. 149, 90 S.Ct. 1930, 26 L.Ed.2d 489 (1970). *See* 8 Moore's Federal Practice: Criminal § 15–7 & –8 (1991).