421 S.E.2d 488

**STATE of West Virginia,
Plaintiff Below,**

v.

**Carl MORRIS, Defendant Below.**

No. 20906.

Supreme Court of Appeals of
West Virginia.

Submitted April 29, 1992.

Decided May 28, 1992.

As Modified July 22, 1992.

Rehearing Denied Sept. 29, 1992.

738

Joanna I. Tabit, Deputy Atty. Gen., Charleston, for the State.

Jerome Novobilski, Clay, for defendant below.

BROTHERTON, Justice:

The issue in this certified question proceeding is whether a defendant, convicted of driving a motor vehicle when his privilege to do so had been twice previously revoked for operating a motor vehicle under the influence of alcohol, is eligible for probation or some form of alternative sentencing under the law of this State. After reviewing the question presented and the law, the Court concludes that it should be answered in the negative.

The facts of this case are that on April 27, 1990, Carl Morris was arrested and charged with driving and operating a motor vehicle on the public highways of the State of West Virginia at a time when his privilege to do so had been lawfully revoked for driving under the influence of alcohol. Mr. Morris had previously been twice convicted of driving under the influence of alcohol, and his driver's license had been revoked on two prior occasions.

Subsequent to his April 27, 1990, arrest, a grand jury in Clay County indicted Mr. Morris for the offense of "Third Offense Driving While License Revoked For Driving Under the Influence of Alcohol," in violation of *W.Va.Code*, 17B–4–3(b).[1] On

March 25, 1991, Mr. Morris plead guilty to the charge. He then, through counsel, moved for probation and requested that the court conduct a presentence investigation to determine his suitability for probation. The court took the motion for probation under advisement and ordered the presentence investigation.

On April 8, 1991, the matter again came before the Circuit Court of Clay County, and on that day the State of West Virginia opposed Mr. Morris' motion for probation and argued that under *W.Va.Code*, 17B–4–3(b), it is mandatory that a party convicted of third offense driving while license is revoked for driving under the influence of alcohol receive a jail sentence of not less than one nor more than three years. The State also argued that the court did not have jurisdiction or authority to grant alternative sentencing or probation by virtue of this Court's ruling in *State ex rel. Moomau v. Hamilton*, 184 W.Va. 251, 400 S.E.2d 259 (1990).

In response to the State's argument, the defendant, by counsel, argued that the *Moomau* case did not apply for third offense driving while license was revoked and that *Moomau* only stood for the proposition that those individuals convicted of third offense drunk driving were not eligible for alternative sentencing and home confinement.

The circuit court, after hearing arguments of counsel, determined that the question of whether it had authority to grant probation under the circumstances of the case should be certified to this Court. As a consequence, the circuit court has certified the following question to this Court:

Is a defendant convicted of driving a motor vehicle on the public highway of this State at a time when his privilege so

---

1. The statute under which Mr. Morris was convicted, *W.Va.Code*, 17B–4–3(b), provides, in relevant part:

Any person who drives a motor vehicle on any public highway of this state at a time when his privilege so to do has been lawfully revoked for driving under the influence of alcohol, controlled substances or other drugs, or while having an alcoholic concentration in his blood of ten hundredths of one percent or

more, by weight, or for refusing to take a secondary chemical test of blood alcohol content shall ... for the third or any subsequent offense, such person shall be guilty of a felony, and, upon conviction thereof, shall be imprisoned in the penitentiary for not less than one year nor more than three years and, in addition to such mandatory jail sentence, shall be fined not less than three thousand dollars nor more than five thousand dollars.

to do has been lawfully revoked for driving under the influence of alcohol for the third or subsequent offense, eligible for probation, alternative incarceration under the home detention act, and other alternative sentencing pursuant to West Virginia Code § 17B-4-3(b) and the case of *State of West Virginia ex rel. William D. Moomau, plaintiff, v. Honorable John M. Hamilton, Judge of the Circuit Court of Hardy County, and Delmas W. Ours,* [184 W.Va. 251], 400 S.E.2d 259 (1990)?

In answering this question, this Court must again examine *State ex rel. Moomau v. Hamilton, Id.* In that case, this Court addressed the question of whether an individual convicted of driving while intoxicated, third offense, was eligible to serve home detention and work release in lieu of time in prison. The Court held that a prison sentence was mandatory and that home detention and work release in lieu of the prison sentence were not available. In reaching that conclusion, the Court looked at the particular language of *W.Va.Code,* 17C-5-2, and stated:

> The sentence to be imposed for DUI, third offense, is prescribed by W.Va. Code, 17C-5-2(i) (1986). It is imprisonment *"in the penitentiary* for not less than one nor more than three years." (Emphasis added). Furthermore, W.Va. Code, 17C-5-2(m), provides that the sentences "provided herein ... are mandatory and shall not be subject to suspension or probation." In *State ex rel. Hagg v. Spillers,* 181 W.Va. 387, 382 S.E.2d 581 (1989), we had the question of whether a judge could give probation on a third offense DUI conviction, and we stated in Syllabus Point 2:

> > "When an individual is convicted of third-offense driving under the influence of alcohol, the term of imprisonment set out in W.Va.Code, 17C-5-2(i) of confinement in the penitentiary for not less than one nor more than three years is mandatory and is not subject to probation."

*State ex rel. Moomau v. Hamilton, Id.* 184 W.Va. at 253, 400 S.E.2d at 261.

The Court found that when the Home Detention Act is analyzed, it bears a close analogy to probation and that home detention is available for both probation and as an alternative sentence to another form of incarceration. In either case the offender is under the supervision of a probation officer. The Court further found that the Home Detention Act provides a variety of exceptions which enable an offender to be away from actual home confinement and that these exceptions are so broad that a person sentenced under the act enjoys virtually the same freedom as a probationer.

While Carl Morris, the defendant in the present proceeding, was convicted for a third offense of violating *W.Va.Code,* 17B-4-3(b), rather than *W.Va.Code,* 17C-5-2, in many respects relative to the certified question in the present proceeding *W.Va. Code,* 17B-4-3(b) is analogous to *W.Va. Code,* 17C-5-2. Like *W.Va.Code,* 17C-5-2, *W.Va.Code,* 17B-4-3(b), prescribes a sentence for the crime discussed. It provides that the convicted person "shall be imprisoned *in the penitentiary* for not less than one year nor more than three years...." (Emphasis added.) Furthermore, as in *W.Va.Code,* 17C-5-2, *W.Va.Code,* 17B-4-3(b), refers to a "mandatory" jail sentence.

In the present case, as in the *Moomau* case, this Court believes that the Legislature, by inserting specific language in *W.Va.Code,* 17B-4-3(b), relating to imprisonment in the "penitentiary" in conjunction with language relating to a "mandatory jail sentence", departed from its usual method of describing sanctions for crimes and intended that individuals convicted serve actual jail sentences and not be eligible for the usual panoply of options that result in less onerous conditions. Similarly, the Court believes, as in *State ex rel. Moomau v. Hamilton, Id.,* that no release which is tantamount to probation and no alternative which granted the convicted person the same freedom as a probationer is allowable.

Given these conclusions, this Court believes that the certified question posed by the circuit court in the present proceeding must be answered in the nega-

tive. Consequently, the Court holds that a defendant convicted of driving a motor vehicle on the public highway of this State at a time when his privilege so to do has been lawfully revoked for driving under the influence of alcohol for the third or subsequent offense is not ordinarily eligible for probation, alternative incarceration under the Home Detention Act, or other alternative sentencing.[2]

Certified Question Answered.

MILLER, Justice, dissenting, in part, and concurring, in part:

In *State ex rel. Moomau v. Hamilton*, 184 W.Va. 251, 400 S.E.2d 259 (1990), we were called upon to determine whether one convicted of third-offense drunk driving could be sentenced to home confinement under the Home Detention Act, W.Va. Code, 62–11B–1, *et seq.* The majority focused almost exclusively on W.Va.Code, 17C–5–2(i) (1986), which provides that one convicted of such an offense "shall be imprisoned in the penitentiary for not less than one nor more than three years ...," and W.Va.Code, 17C–5–2(m) (1986), which provides that "[t]he sentences provided herein ... are mandatory and shall not be subject to suspension or probation...." It then concluded that these provisions precluded a sentence of home confinement. Chief Justice McHugh and I dissented.

In the dissenting opinion in *Moomau*, 184 W.Va. at 254–55, 400 S.E.2d at 262–63, we disagreed with the majority's interpretation. We noted that W.Va.Code, 62–11B–4(a) (1990), expressly provides that home confinement could be ordered by the circuit court "[a]s a condition of probation *or as an alternative sentence to another form of incarceration....*"[1] (Emphasis added.)

Thus, the legislature specifically recognized that home confinement is a form of incarceration. Moreover, W.Va.Code, 62–11B–4(b) (1990), which relates to the period of home confinement, states that it "may be continuous."[2] Where the prisoner is given continuous home confinement, there is no ability to leave the home without causing the monitoring device, which is shackled to his ankle, to be activated, in which event the law enforcement official who is monitoring the home confinement system is immediately notified and may apprehend the prisoner.[3] Thus, it is clear from a factual standpoint that home confinement is a form of incarceration, just as surely as imprisonment in any state penal institution. This type of incarceration would satisfy the prohibition contained in

---

**2.** This Court, in *Crain v. Bordenkircher*, 187 W.Va. 596, 420 S.E.2d 732 (W.Va.1992), took notice that because of the delay in the construction of the new penitentiary the State, by necessity, was having to place felony inmates in county jails, creating overcrowded conditions, which has resulted in a very serious situation. As a result of this serious situation, this Court believes an extraordinary situation currently exists which requires immediate action and justifies a deviation from the statutory requirement that requires mandatory commitment to a county jail for conviction of an offense under *W.Va. Code*, 17B–4–3(b). Accordingly, the Court holds that an individual convicted of either first offense or second offense driving under the influence of alcohol or driving while his license is revoked for driving under the influence of alcohol may be granted home confinement under the Home Detention Act in lieu of confinement in a county jail. Home confinement, under these extraordinary circumstances, shall mean home confinement as defined in *W.Va.Code*, 62–11B–4, and there shall be no exceptions as set out in *W.Va.Code*, 62–11A–1 and 62–11B–5. This deviation from the mandatory confinement in a county jail for a conviction of first or

second offense driving under the influence of alcohol or driving while his license is revoked for driving under the influence of alcohol shall exist until the state correctional facility under construction at Mt. Olive is complete and open for the housing of felony inmates.

**1.** W.Va.Code, 62–11B–4(a) (1990), states: "As a condition of probation or as an alternative sentence to another form of incarceration, a court may order an offender confined to the offender's home for a period of home detention."

**2.** W.Va.Code, 62–11B–4(b) (1990), states:

"The period of home detention may be continuous or intermittent, as the court orders. However, the aggregate time actually spent in home detention may not exceed the term of imprisonment or incarceration prescribed by this code for the offense committed by the offender."

**3.** A violation of home confinement under W.Va. Code, 62–11B–9(b) (1990), subjects the prisoner to incarceration in a penal facility under the penalties prescribed in the original crime.

driving-under-the-influence statutes that upon a conviction, the sentence "shall not be subject to suspension or probation[.]" W.Va.Code, 17C–5–2(m).

A further reason to find that the legislature intended to allow home confinement in this area is that the home confinement statute was enacted in 1990 after the mandatory penalties set out in the driving-under-the-influence statute were adopted. Had the legislature intended that incarceration under the home confinement statute not be available for driving-under-the-influence crimes, it could well have made such an exemption in the home confinement statute. Not only did it not create such an exemption, but it specifically stated in W.Va.Code, 62–11B–3(3) (1990), by defining the term "offender," that home detention was available for "any adult convicted of a crime punishable by imprisonment or detention in a county jail or state penitentiary." [4] This is also reinforced by W.Va. Code, 62–11B–2 (1990), dealing with the general applicability of the Home Detention Act, which states: "This article applies to adult offenders and to juveniles who have committed a delinquent act that would be a crime if committed by an adult." Thus, the Home Detention Act, because of its broad coverage as to all felonies, includes offenses for driving under the influence.

The legislature adopted the Home Detention Act to accomplish two broad purposes. The first was to provide an alternative method of incarceration that would save the State from paying for the cost of a prisoner's confinement. *See* W.Va.Code, 62–11B–8 (1990).[5] The second goal was to provide a method of incarceration that would not result in overcrowding the State's already strained penal system. This latter problem is recognized by the

majority in its footnote 2 and is the subject of a more extensive discussion in *State ex rel. Smith v. Skaff,* 187 W.Va. 651, 420 S.E.2d 922 (1992).

The irony in this case is that the defendant's conviction was not for driving under the influence. Rather, he was convicted for driving while his license was suspended under W.Va.Code, 17B–4–3(b) (1986). This provision does not contain the restrictive language found in W.Va.Code, 17C–5–2(m), that a driving-under-the-influence sentence "shall not be subject to suspension or probation." The penalty under W.Va.Code, 17B–4–3(b), provides that an offender convicted of driving with a suspended license "shall be imprisoned in the penitentiary ... and in addition to such mandatory jail sentence, shall be fined[.]" The majority seizes on the mandatory jail sentence language to preclude home confinement, which carries *Moomau* to an even more extreme result.

Had the majority made an intelligent analysis of the Home Detention Act and recognized that the legislature had plainly stated that home confinement is a form of incarceration, it could have avoided the absurdity of its bracket in the Syllabus of this case. This would have also avoided its legislative language in footnote 2 which grants the right to home confinement in driving-under-the-influence cases and in license-revocation cases under W.Va.Code, 17B–4–3(b). It is the majority's unwillingness to acknowledge its initial error in *Moomau* that brings it to this strange legislative result.

I concur in the limited legislative result achieved by the majority, not for its stated reason, but because I have consistently maintained that the Home Detention Act can permissibly apply to these offenses if

4. The full text of W.Va.Code, 62–11B–3(3) (1990), is:

"'Offender' means any adult convicted of a crime punishable by imprisonment or detention in a county jail or state penitentiary; or a juvenile convicted of a delinquent act that would be a crime punishable by imprisonment or incarceration in the state penitentiary or county jail, if committed by an adult."

5. W.Va.Code, 62–11B–8 (1990), provides:

"An offender ordered to undergo home detention under section four [§ 62–11B–4] of this article is responsible for providing his own food, housing, clothing, medical care and other treatment expenses. The offender is eligible to receive government benefits allowable for persons on probation, parole or other conditional discharge from confinement."

the trial court, exercising its sound discretion, elects to so apply it.

I am authorized to state that Chief Justice McHUGH joins me in this opinion.