504 S.E.2d 158

**STATE of West Virginia, Appellee,**

v.

**Orville Ray YOAK, Appellant.**

**STATE of West Virginia, Appellee,**

v.

**Roger D. HARDMAN, Appellant.**

**Nos. 24505, 24506.**

Supreme Court of Appeals of West Virginia.

Submitted June 2, 1998.

Decided June 22, 1998.

---

offense driving under the influence of alcohol (DUI) and were subsequently sentenced to spend time in the penitentiary. Both defendants petitioned the circuit court for alternative sentencing; however, the court determined it did not have jurisdiction to consider home incarceration as a possible sentence for a defendant convicted of third offense driving under the influence of alcohol. On appeal, the cases were consolidated and the petitions were granted by this Court solely on the issue of whether the circuit court had authority to consider as a possible sentence the alternative sentence of home incarceration.[1] We believe the statute as it is presently written gives judges the option to consider alternative sentencing; therefore, we remand the cases back to the Circuit Court of Calhoun County.

### I.

Orville Ray Yoak was convicted by a jury of third offense driving under the influence of alcohol. Yoak was sentenced to one to three years in the state penitentiary. He moved for reduction of sentence, which was denied. Yoak then requested a pre-sentence investigation report and moved for alternative incarceration in the form of home confinement. The sentencing court denied both, based upon its belief that: (1) probation was not available to Yoak, and therefore a pre-sentence investigation report was unnecessary, and (2) the court had no discretion to consider home confinement when driving under the influence of alcohol reached the felony stage. On March 26, 1997, the court entered an order denying post-trial relief. It is from this order that Yoak appeals.

Darrell V. McGraw, Jr., Attorney General, Molly M. McGinley, Assistant Attorney General, Charleston, for the State of West Virginia.

David Karickhoff, Butcher & Butcher, Glenville, for Yoak and Hardman.

MAYNARD, Justice:

These appeals originated in the Circuit Court of Calhoun County, West Virginia, where the defendants, Orville Ray Yoak and Roger D. Hardman, were convicted of third

### II.

Roger D. Hardman was convicted by a jury of third offense driving under the influence of alcohol and second offense driving with license revoked for driving under the influence of alcohol. Hardman moved for a pre-sentence investigation, which the court denied, stating that the record enabled the court to "meaningfully exercise its sentencing

---

1. Both appellants presented other assignments of error which were deemed by this Court to have no merit.

authority." Hardman was sentenced to one to three years in the penitentiary and ordered to pay a fine of $1,000 for third offense driving under the influence of alcohol, and he was sentenced to one year in jail for driving on a revoked license, with the sentences to run concurrently.

Hardman moved for an alternative sentence of home confinement. The circuit court denied the motion, stating, "I don't believe that I've got the authority to consider home confinement at this point as an alternative sentence when you reach the felony stage in this." Hardman subsequently made a motion to reduce the sentence, which the court denied on March 27, 1997. It is from this order that Hardman appeals.

### III.

■ The issue on appeal is whether a circuit court has the authority to impose an alternative sentence of home confinement pursuant to W.Va.Code § 17C–5–2(p) (1996) when an offender has been convicted of third offense driving under the influence of alcohol. We previously said, "Where the issue on an appeal from the circuit court is clearly a question of law or involving an interpretation of a statute, we apply a *de novo* standard of review." Syllabus Point 1, *Chrystal R.M. v. Charlie A.L.*, 194 W.Va. 138, 459 S.E.2d 415 (1995).

The appellants state that *State ex rel. Moomau v. Hamilton*, 184 W.Va. 251, 400 S.E.2d 259 (1990) precludes a trial court from sentencing a defendant who has been convicted of third offense driving under the influence of alcohol to home confinement but argue that *Moomau* was written during the time that the 1986 amendment of W.Va.Code § 17C–5–2 was in effect. As the 1996 amendment was in effect when they were sentenced, the appellants contend that consideration of home confinement as an alternative sentence is authorized. The State submits that W.Va.Code § 17C–5–2(p) (1996) authorizes circuit courts to consider home confinement as an alternative when sentencing defendants who have been convicted of third offense driving under the influence of alcohol.

We begin by interjecting a history of the amendments to the statute which is controlling in this case. The 1986 version of W.Va. Code § 17C–5–2 states in pertinent part:

(i) A person violating any provision of subsection (b), (c), (d), (e), (f) or (g) of this section shall, for the third or any subsequent offense under this section, be guilty of a felony, and, upon conviction thereof, shall be imprisoned in the penitentiary for not less than one nor more than three years, and the court may, in its discretion, impose a fine of not less than three thousand dollars nor more than five thousand dollars.

(m) The sentences provided herein upon conviction for a violation of this article are mandatory and shall not be subject to suspension or probation: Provided, That the court may apply the provisions of article eleven-a [§ 62–11A–1 et seq.], chapter sixty-two of this code to a person sentenced or committed to a term of one year or less.

W.Va.Code § 17C–5–2 was amended in 1994 and W.Va.Code § 17C–5–2(i) became W.Va.Code § 17C–5–2(j). In 1996, that section was designated as W.Va.Code § 17C–5–2(k) and reads as follows:

(k) A person violating any provision of subsection (b), (c), (d), (e), (f), (g), or (i) of this section shall, for the third or any subsequent offense under this section, be guilty of a felony, and, upon conviction thereof, shall be imprisoned in the penitentiary for not less than one nor more than three years, and the court may, in its discretion, impose a fine of not less than three thousand dollars nor more than five thousand dollars.

The 1986 version of W.Va.Code § 17C–5–2(m) was amended in 1994 and was then designated as W.Va.Code § 17C–5–2(*o*), which reads as follows:

(*o*) The sentences provided herein upon conviction for a violation of this article are mandatory and shall not be subject to suspension or probation: Provided, That the court may apply the provisions of article eleven-a, [§ 62–11A–1 et seq.], chapter sixty-two of this code to a person sentenced

or committed to a term of one year or less. *An order for home detention by the court pursuant to the provisions of article eleven-b, [§ 62–11B–1 et seq.], chapter sixty-two of this code may be used as an alternative sentence to any period of incarceration required by this section.* (Emphasis added).

Pursuant to the 1996 amendments, that section is now designated as W.Va.Code § 17C–5–2(p).

In *State ex rel. Hagg v. Spillers,* 181 W.Va. 387, 382 S.E.2d 581 (1989), this Court dealt with the 1986 version of W.Va.Code § 17C–5–2(i), third offense driving under the influence of alcohol. The *Hagg* court held:

When an individual is convicted of third-offense driving under the influence of alcohol, the term of imprisonment set out in W.Va.Code, 17C–5–2(i) of confinement in the penitentiary for not less than one nor more than three years is mandatory and is not subject to probation.

Syllabus Point 2, *State ex rel. Hagg v. Spillers, id.* This Court applied the "plain legislative command" of the statute and restricted sentencing to a term in the penitentiary without the possibility of alternative sentencing, such as probation. *Id.* at 389, 382 S.E.2d at 583.

This Court reaffirmed *Hagg* in a *per curiam* opinion, *State ex rel. Moomau v. Hamilton,* 184 W.Va. 251, 400 S.E.2d 259 (1990), and extended *Hagg's* application to the sentence of home incarceration. In *Moomau,* this Court dealt with a defendant who had been convicted of third offense driving under the influence of alcohol under the 1986 version of W.Va.Code § 17C–5–2. The penalty was restricted to confinement in the penitentiary. However, the circuit court ruled that a defendant who was guilty of third offense driving under the influence of alcohol was subject to alternative sentencing under the Home Detention Act, W.Va.Code § 62–11B–1 *et seq.* (1990). On appeal, this Court reasoned that home incarceration bears a close analogy to probation and held that "persons convicted of DUI, third offense, are not eligi-

ble for alternative incarceration under the Home Detention Act.... The sentence to be imposed for DUI, third offense, is prescribed by W.Va.Code, 17C–5–2(i) (1986). It is imprisonment *'in the penitentiary* for not less than one nor more than three years.' (Emphasis added)." *Id.* at 253, 400 S.E.2d at 261.

The legislature's 1994 amendments to the DUI sentencing statute superseded the *Moomau* decision. The last sentence in the pertinent subsection states: "An order for home detention by the court pursuant to the provisions of article eleven-b [§ 62–11B–1 et seq.], chapter sixty-two of this code may be used as an alternative sentence *to any period of incarceration required by this section.*" W.Va. Code § 17C–5–2(*o*) (1994) (emphasis added).[2] The amended statute specifically permits judges to consider home incarceration as an alternative sentencing option for any period of incarceration set out in W.Va.Code § 17C–5–2.

It is clearly apparent the legislature, by adding this sentence, has effectively overruled the result in *Hagg* and *Moomau.* By virtue of the amendment to the statute, circuit courts are now permitted to consider the alternative sentence of home incarceration for persons convicted of third offense driving under the influence of alcohol. Moreover, under the Home Incarceration Act, W.Va. Code § 62–11B–1 *et seq.,* "as an alternative sentence to another form of incarceration for any criminal violation of this code over which a circuit court has jurisdiction, a circuit court may order an offender confined to the offender's home for a period of home incarceration." W.Va.Code § 62–11B–4(a), in part (1994). Furthermore, "[h]ome incarceration shall not be available as a sentence if the language of a criminal statute expressly prohibits its application." W.Va.Code § 62–11B–6(e) (1994). Not only does W.Va.Code § 17C–5–2(p) (1996) not preclude consideration of home confinement, it expressly provides for consideration of home confinement as an alternative sentence for offenders who have been convicted pursuant to this code section, including those guilty of felony third offense driving under the influence of alcohol.

---

**2.** As previously mentioned, this code section is presently enacted at W.Va.Code § 17C–5–2(p)

(1996).

Therefore, we hold that W.Va.Code § 17C–5–2(p) (1996) gives circuit courts the option to consider an alternative sentence of home incarceration under W.Va.Code § 62–11B–1 *et seq.* when an individual has been convicted of third offense driving under the influence of alcohol under W.Va.Code § 17C–5–2(k) (1996).

■ However, it should be strongly emphasized that this legislative option is just that, only an option, and it is not binding or mandatory. The statute simply provides circuit judges with discretion to consider whether home confinement as an alternative sentence might be warranted in a given case.

In the cases presently before us, the judge determined he did not have authority to consider home confinement as a possible sentence. It is appropriate and wise that circuit judges have broad power and discretion in deciding all matters related to criminal sentencing. The judgment on the issue of whether to grant home confinement or not properly rests in the sound discretion of the trial judge, as it should. Consequently, we do not reverse the circuit court's decisions, but merely remand the cases for the court to reconsider the sentences in light of this opinion.

Remanded.