512 S.E.2d 568

**STATE of West Virginia, Plaintiff Below, Appellee,**

v.

**Nathan SHELTON, Defendant Below, Appellant.**

No. 25019.

Supreme Court of Appeals of West Virginia.

Submitted Sept. 9, 1998.

Decided Dec. 3, 1998.

Michael Thompson, Prosecuting Attorney, Charles Town, West Virginia, Darrell V. McGraw, Jr., Attorney General, Gail I. Michelson, Assistant Attorney General, Charleston, West Virginia, Attorneys for the Appellee.

Deborah Lawson, Public Defender Corp., Charles Town, West Virginia, Attorney for the Appellant.

McCUSKEY, Justice.

This case is before the Court upon the appeal of Nathan Ira Shelton, from a November 3, 1997, order of the Circuit Court of Jefferson County, which rejected his petition for home incarceration, despite his fitness for an alternative sentence, upon the grounds that he was unable to pay the mandatory home incarceration costs. The Circuit Court of Jefferson County believed that it had no authority to order the Department of Probation to waive the fees or to direct the County Commission of Jefferson County to pay the appellant's home incarceration fees. Appellant assigns as error the trial court's denial of appellant's petition for home incarceration. Appellant requests that this Court remand the case to the Circuit Court of Jefferson County with instructions to grant appellant's petition for home incarceration. For the reasons stated below, the order of the circuit court is vacated.

I

FACTUAL AND PROCEDURAL
BACKGROUND

On August 2, 1995, appellant was driving his tractor along Cedar Drive, near his residence in the Hidden River Subdivision of Jefferson County. He was observed driving his tractor by Deputy William Parker of the Jefferson County Sheriff's Department, who stopped him. Approaching appellant, Deputy Parker smelled a strong odor of alcohol and asked appellant to dismount the tractor. Appellant did so with great difficulty, and Deputy Parker noted that appellant was unsteady on his feet. Appellant could not follow Deputy Parker's instructions during a field sobriety test and lost his balance several times while attempting to walk. Deputy Parker thereupon arrested appellant for DUI. Appellant was taken to the Jefferson County Sheriff's Office, where intoxilyzer tests were administered. The results of these tests showed Appellant's blood alcohol concentration at .191, nearly double the level of "ten hundredths of one percent or more, by weight" giving rise to the statutory presumption of intoxication, as set forth in *W.Va.Code* § 17C–5–2(a)(1)(E).

Appellant obtained counsel and the case proceeded in the usual fashion. Before trial could take place, the State and appellant came to a plea agreement. Appellant agreed to plead guilty to violation of *W.Va.Code* § 17C–5–2, which establishes penalties for driving under the influence of alcohol, and other counts against him were dropped.

Appellant, consequently, was sentenced on May 21, 1997, to an eight week term of incarceration in the Eastern Regional Jail and was assessed various costs and fines. Appellant was granted a stay of enforcement of the incarceration order to allow him to petition the Circuit Court of Jefferson County for an alternative sentence of home incarceration.

Before ruling on the appellant's petition for home confinement, the court permitted the appellant, who claimed indigency, to petition the Jefferson County Commission to pay the home detention expenses. The County Commission rejected the appellant's request. Than, by Order of November 7, 1997, the Circuit Court of Jefferson County denied appellant's petition for home incarceration solely upon the grounds "... that the defendant is unable to pay the costs of said home detention ..." pursuant to W.Va.Code § 62–11B–5(7) [1994].

II

STANDARD OF REVIEW

▉ In reviewing challenges to the findings and conclusions of a circuit court, we

review the final order and the ultimate disposition under an abuse of discretion standard. Challenges to findings of fact are reviewed under a clearly erroneous standard; conclusions of law are reviewed *de novo.* Syl. Pt.1, *Lang v. Iams*, 201 W.Va. 24, 491 S.E.2d 24 (1997); Syl. Pt. 4, *Burgess v. Porterfield*, 196 W.Va. 178, 469 S.E.2d 114 (1996).

### III

### DISCUSSION

■ The Circuit Court of Jefferson County concluded, as a matter of law, that it could not grant appellant's petition for home incarceration, despite his fitness for the alternative sentence, because he was unable to pay the mandatory home incarceration costs, ordered under *W.Va.Code* § 62–11B–5 (7) [1994]. The Circuit Court of Jefferson County, moreover, believed, as a matter of law, that it had no authority to order the Department of Probation to entirely waive payment of the fees by appellant, or to direct the County Commission of Jefferson County to pay appellant's home incarceration fees. We do not agree.

■ With regard to indigency, it is a settled matter in our law that defendants cannot be penalized more harshly solely on the basis of indigence. This Court has held that "[t]he right to the equal protection of the laws guaranteed by our federal and state constitutions blocks unequal treatment of criminal defendants based on indigency." Syl. Pt. 1, *Robertson v. Goldman*, 179 W.Va. 453, 369 S.E.2d 888 (1988).

The United States Supreme Court in *Williams v. Illinois*, 399 U.S. 235, 90 S.Ct. 2018, 26 L.Ed.2d 586 (1970), and *Tate v. Short*, 401 U.S. 395, 91 S.Ct. 668, 28 L.Ed.2d 130 (1971), found that it was a violation of the Equal Protection Clause of the United States Constitution to impose incarceration where a convict was unable to pay fines. In a number of cases applying those rulings, this Court has utilized an analysis of the Equal Protection Clause to find that imposing a jail

sentence upon an indigent for inability to pay monetary compensation or fines is unconstitutional.[1] This Court has followed *Tate* in its holding that a criminal fine cannot, in the case of an indigent defendant, be converted into a jail term simply because of inability to pay the fine. *Hendershot v. Hendershot*, 164 W.Va. 190, 202, n. 13, 263 S.E.2d 90, 97, n. 13 (1980). We have stated that an indigent is denied equal protection if he is unable to post bond and is jailed when facing charges which do not carry a potential jail term, *Robertson, supra;* that equal protection is denied where a cash bond is required of an indigent as a precondition for appealing a municipal judgment to a circuit court, *id.;* and that equal protection is denied when an indigent is incarcerated because he cannot furnish cash or surety in a peace bond proceeding, Syl. Pt.2, *Kolvek v. Napple*, 158 W.Va. 568, 212 S.E.2d 614 (1975).

The Legislature enacted home incarceration as an alternative form of sentencing for nonviolent offenders presumably as a means by which to alleviate the twin problems of overcrowding in jails and prisons and the increasing burden of high incarceration costs. The efficacy of this policy of home confinement and home incarceration is confirmed by evidence in the record of this case. Jimmy Pleary, Chief of Operations of the West Virginia Regional Jail and Correctional Facility Authority, noted, in a memo to the Jefferson County Commission, that it costs $38.00 to keep a prisoner incarcerated one day in the Eastern Regional Jail. This is in sharp contrast to the $7.00 fee the Circuit Court of Jefferson County requires as adequate reimbursement for the expense incurred for one day of home incarceration for the same prisoner.

Both sides in this case discuss, and rely upon, decisions that this Court has made relating to the other alternative form of sentencing which is provided for in this state: probation. In the body of probation law can be found examples where, under the decisions discussed above, we have held that

1. It is worth noting that this Court has held that "[t]he concept of equal protection of the laws is inherent in article three, section ten of the West Virginia Constitution, and the scope and application of this protection is coextensive or broader than the fourteenth amendment to the United States Constitution." Syllabus Point 3, *Robertson, supra.*

offenders' indigence must be taken into account. The most prominent of these is *Fox v. State of West Virginia*, 176 W.Va. 677, 347 S.E.2d 197 (1986). In that case, this Court compelled that a pre-sentencing hearing take place to determine the ability of offenders to pay restitution, specifically to review if probation were appropriate if the offender could not pay, given the goals of restitution and rehabilitation which are inherent in probation.

In this case, the Circuit Court of Jefferson County made a *Fox*-type analysis and concluded that because appellant was unable to pay his home incarceration costs, he should not be allowed home incarceration. The goals of home incarceration and probation are different; thus, it was inappropriate for the trial court to use the ability to pay the costs of home incarceration as a pre-sentencing standard. There is no restitutionary rationale at work in home incarceration; rather, the aim of home incarceration is to provide an alternative to jail incarceration for certain nonviolent offenders.

Appellant persuasively argues that the costs of home incarceration should be treated in the same manner as the costs of incarceration in a jail or correctional facility. In *State v. St. Clair*, 177 W.Va. 629, 355 S.E.2d 418 (1987), we held that "[r]oom and board in a jail is a public charge on the county and may not therefore be collected from a convicted criminal as a cost incident to the prosecution in the absence of statutory authority." Syl., *State v. St. Clair*. Here, by contrast, there is specific statutory authority that home incarceration orders must include "[a] requirement that the offender pay a home incarceration fee set by the circuit court or magistrate." *W.Va.Code* § 62–11B–5 (7) [1994].

■ The absence of any provision for indigence in this statute and the rationale underlying the Home Incarceration Act, convince

us that mandating imprisonment in a jail or correctional facility for indigents, who would otherwise be granted home incarceration, is unconstitutional. It is unconstitutional because it imposes a harsher sentence upon indigents due solely to their inability to pay monetary compensation, thus violating the Equal Protection Clause of the United States Constitution. *See Williams, supra; Tate, supra.*

*W.Va.Code* § 62–11B–5 (7) [1994] states that a magistrate or circuit judge sets the fee for home incarceration costs which is to be charged to the offender. In the absence of any statutory language to the contrary, we interpret this provision to mean that the magistrate or circuit judge, in setting those fees, has a duty to take into account the ability of offenders to pay those fees when establishing the precise fee which each offender must pay. Likewise, the existence of a fee schedule, which is set by the supervising circuit judge, seems logically to allow that official to set a variety of fees, and we conclude that ability to pay should be one of the factors upon which those varying rates must rest. Along with our sister states, and in accordance with our past decisions, we hold that economic misfortune should not be a criteria for the imposition of a particular sentence upon a convict.[2]

■ Based upon our consideration of the long-established pattern of our case law and the applicable statutes, we find that when convicts are otherwise eligible for home incarceration, the setting of a fee for home incarceration by a circuit judge or magistrate, and establishing a fee schedule for home incarceration costs by a supervising circuit judge, must take into account the ability of individual offenders to pay those costs, so that indigents are not unfairly denied access to home incarceration as an alternative form of sentencing.[3]

---

**2.** Slightly more than one-third of the states have *some* form of home confinement or home incarceration program. Of those states, eight have no fee requirement for inclusion in the program. Of those having a fee requirement, eight (Arizona, California, Kentucky, Louisiana, Maine, Missouri, Montana, and Virginia) have specific statutory language which mandates exemption from

all or part of the fee requirement for indigent convicts.

**3.** We wish to reiterate that simply because an offender is eligible for home incarceration, the imposition of that alternative sentence is not mandatory. A circuit judge should order home incarceration only when that judge believes it is

Therefore, we accordingly vacate the order of the Circuit Court of Jefferson County and remand this case to that court for further proceedings not inconsistent with this opinion.

Vacated and Remanded.

the proper sentence for the offender, provided that the offender's ability to pay costs cannot be the sole reason for denial of home incarceration. We have held that "it should be strongly emphasized that this legislative option is just that, only an option, and it is not binding or mandatory. The statute simply provides circuit judges with discretion to consider whether home confinement as an alternative sentence might be warranted in a given case." *State v.. Yoak*, 202 W.Va. 331, 335, 504 S.E.2d 158, 162 (1998).